HOUSTON & TEXAS CENTRAL RAILROAD COMPANY ET AL. V. G. A. KEELING.

No. 1966.   Decided June 23, 1909.

**1.—Carriers of Passengers—Charge—Degree of Care.**

Charges in case of a railway mail clerk claiming injuries by the movement of the mail car, after reaching its destination and before he had time to attend to the transfer of the mail, which required of defendant, as a carrier of passengers, "a high degree of care" and "the utmost care" for his safety, were not erroneous.   (Pp. 522, 523).

**2.—Same—Explanation of Terms.**

While holding charges requiring of carriers of passengers "a high degree of care" and "the utmost care" for their safety not affirmatively erroneous, in the absence of a request for more specific instructions, such practice of explaining the degree of care required by the mere use of an adjective, instead of defining it as the care of prudent and skillful carriers, under the circumstances, is criticised. (P. 524).

Question certified from the Court of Civil Appeals for the Sixth District, in an appeal from Harris County.

*Baker, Botts, Parker & Garwood* and *Lane, Jackson, Kelley & Wolters,* for appellants.—The degree of care which the defendants, their agents and employes owed the appellee, if any, is not correctly defined by the use of the words, "a high degree of care." On the contrary, the degree of care which the M., K. & T. owed the defendant, if any, is properly defined as ordinary care, while that due from the H. & T. C. Railroad Company, if any, is properly defined as that which very cautious persons generally, in their line of business, are accustomed to use under similar circumstances. International & G. N. Ry. Co. v. Halloren, 53 Texas, 53; Fordyce v. Withers, 1 Texas Civ. App., 544; Houston & T. C. Ry. Co. v. Dotson, 15 Texas Civ. App., 73; International & G. N. Ry. Co. v. Welch, 86 Texas, 203; Texas & P. Ry. Co. v. Miller, 79 Texas, 78, 82.

*F. F. & E. T. Chew* and *Mark G. Fakes,* for appellee.—The charge of the court was correct in defining the degree of care due the plaintiff.   Gallagher v. Bowie, 66 Texas, 266; Hamilton v. Texas & P. R. R., 64 Texas, 254.

Under the pleadings and evidence the court's definition of negligence was favorable to both defendants.   Gulf, C. & S. F. Ry. v. McWhirty, 77 Texas, 360; Galveston City Ry. Co. v. Hewitt, 67 Texas, 478.

The trial court correctly charged the jury that it was the duty of the railroad company to use a high degree of care. Houston & T. C. v. Gorbett, 49 Texas, 581; Gulf, C. & S. F. Ry. Co. v. Brown, 16 Texas Civ. App., 102; Conwill v. Gulf, C. & S. F., 85 Texas, 96; Texas C. R. R. Co. v. Burnett, 80 Texas, 538; Levy v. Campbell, 19 S. W., 438; Gallagher v. Bowie, 66 Texas, 265.

The trial court correctly gave the special charge offered by the plaintiffs, and assigned as error by the Appellate Court in its aforesaid opinion, to the effect that the defendants owed him the duty of using the utmost care as looking to his safety and protection. Gallagher v. Bowie, 66 Texas, 265; Levy v. Campbell, 19 S. W., 438; Dillingham v. Wood, 8 Texas Civ. App., 71; Gulf, C. & S. F. Ry. Co. v. Brown, 16 Texas Civ. App., 103; Fort Worth & D. C. Ry. Co. v. Rogers, 24 Texas Civ. App., 383; Street Ry. Co. v. Broadhurst, 28 Texas Civ. App., 635; Hardin v. Ft. Worth & D. C. Ry., 33 Texas Civ App., 448; International & G. N. R. R. v. Shuford, 36 Texas Civ. App., 258; International & G. N. v. Welch, 86 Texas, 203.

If the appellant railroad company had wanted or required any further or additional instructions beyond those given, it was its duty to have requested same on trial by offering appropriate charges, and it can not, on appeal, take exception to charges that embrace no affirmative error. Farquhar v. Dallas, 20 Texas, 200; Robinson v. Varnell, 16 Texas, 387; Converse v. McKee, 14 Texas, 30; Thompson v. Payne, 21 Texas, 625; Powell v. Harley, 28 Texas, 52; Wright v. Donnell, 34 Texas, 305; Robinson v. Davenport, 40 Texas, 343; Brazley v. Denson, 40 Texas, 434; Cushing v. Smith, 43 Texas, 267; Hawkins v. Carmer, 63 Texas, 102; Texas & P. Ry. Co. v. Casey, 52 Texas, 102; Gallagher v. Bowie, 66 Texas, 265; Queen Ins. Co. v. Ice Co., 64 Texas, 579; Harrell v. Houston, 66 Texas, 278; Lee v. Yandell, 69 Texas, 36; Weaver v. Nugent, 72 Texas, 273; Levy v. Campbell, 19 S. W., 438; Harris v. Flower, 21 Texas Civ. App., 672; Ft. Worth & D. C. Ry. Co. v. Rogers, 24 Texas Civ. App., 383; Street R. R. v. Broadhurst, 28 Texas Civ. App., 635.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This case is presented upon certified questions. The action is one by a passenger against a carrier for damages for injuries alleged to have been sustained by plaintiff through the carrier's negligence.

The trial court in its general charge instructed the jury that the defendant owed plaintiff "a high degree of care to prevent his injury in the operation of said train," and that "a failure to exercise this high degree of care would be negligence."

And at the request of plaintiff the court gave the following charge: "You are charged by the court that plaintiff, G. A. Keeling, as shown by the evidence in this case, was a mail clerk traveling on and over defendant H. & T. C. R. R. from Houston to Denison. You are further charged that as said mail clerk he stood in the position of a passenger while traveling as said clerk on and over said defendant's road, and said defendant owed him the duty of using the utmost care for his safety and protection while he was so traveling as said

clerk over its said road, as looking to his safety and protection. You are further charged by the court that said Keeling in his capacity as said clerk and in his said relation to said defendant as passenger, would have a reasonable time after reaching its destination, namely, Denison, to remove the mail in his charge from the mail car and to get off said car. If you find from a preponderance of the evidence that said mail car was moved by the agents and servants of said H. & T. C. R. R. before said Keeling had a reasonable time to remove said mail, if any, from said car, and to get off said car, and if you further find that said movement, if any such, was not made by said agents and servants of said company with the utmost care for said Keeling's safety, and that owing to said movement, if any, and as the proximate cause thereof said Keeling was injured, then you are charged to find for the plaintiff as against said defendant, the H. & T. C. R. R."

The questions stated for decision are the following:

"Question 1. Was it an erroneous statement of the law, constituting it reversible error in the case, to instruct the jury, as was done in the special charge, that the duty the appellant owed the appellee was to use 'the utmost care for his safety and protection while he was so traveling as said clerk over said road, as looking to his safety and protection?'

"Question 2. The main charge instructing the jury 'in the discharge of his duty he had no control or management of said train, and the defendants, their agents and employes owed him a high degree of care to prevent his injury in the operation of said train,' and the special charge requiring the use of 'the utmost care for his safety and protection while he was so traveling as said clerk over said road, as looking to his safety and protection,' were the two instructions as worded and read and considered together, reversible error in the case as in effect imposing upon the railway a greater burden for the safety of appellee than required by law, and calculated to lead the jury to understand that the appellant company was an insurer of the safety of the appellee?"

In the case of Gallagher v. Bowie, 66 Texas, 266, this court said of a charge which required of a carrier the "utmost" care: "The charge properly stated the degree of care exacted by the law of carriers of passengers. Thompson on Carriers, 200; Hutchinson on Carriers, sec. 501; Shear. & Redf. on Neg., sec. 266. That degree is generally described by the authorities as 'the utmost,' and the use of this expression in the charge was not objectionable. If it needed explanation or qualification, appellant should have requested a special charge." This case has often been followed and has never been overruled and fully answers the first question. International & G. N. R. R. Co. v. Welch, 86 Texas, 205.

It has often been held by this and other courts that the degree of care required by carriers of passengers is the highest. Therefore a charge which tells the jury that a high degree of care is exacted can not be prejudicial to the carrier since it does not require greater care than the highest. Nor can the two instructions taken together operate prejudicially. The strongest against the carrier is the

special instruction which requires the utmost care. The other could not be interpreted to require more. Its effect on the special instruction, if it could have any, would be to qualify it in favor of the carrier.

While we hold that the special charges were not affirmatively erroneous and that they, therefore, furnish no cause for the reversal of the judgment, no more definite instruction having been requested, we agree with the Court of Civil Appeals in the opinion that such charges attempting to define the carrier's duty only by the use of an adjective, are not apt to convey to the minds of jurors any very definite conception of the subject. When such phrases are used the standard by which the conduct of the carrier under investigation is to be judged should be given in connection with them, which standard is the conduct of prudent and skillful carriers in·like situations. Jurors are not put in a position to determine what constitutes the "utmost" or the "highest," or the "high" degree of care referred to in charges, unless they are also told that it is that which such prudent and skillful carriers employ. It is the highest care of such carriers that constitutes the practical test.