## W. S. RANKIN v. JOHN H. GRIST ET AL.

### Decided June 8, 1910.

**Land Agent—Commissions—Contract to Purchase—Liquidated Damages.**

A land agent negotiated a contract for the sale of land, the purchaser depositing an advance cash payment, by the terms of which, in the event that the purchaser accepted the title of the seller or defects therein pointed out by him were remedied and the purchaser thereupon failed to make the further cash payment and execute his notes for the deferred payments provided for by the terms of the contract, the seller should retain the cash deposit so made as his liquidated damages for the purchaser's default and the contract should be in all things terminated. Held that the agreement, on account of such stipulation, evidenced no completed or absolute contract to purchase, and,

the purchaser failing to comply, the agent was not entitled to recover from the owner the commissions promised him for making a sale of the land. Moss & Raley v. Wren, 102 Texas, 567, followed.

Appeal from the County Court of Travis County. Tried below before Hon. R. E. White.

*Robertson & Robertson,* for appellant.—There is no evidence showing or tending to show that a completed contract of sale was ever made between said Rankin and the said Ames. Moss & Raley v. Wren, 102 Texas, 567; Wilson v. Ellis, 20 Texas Ct. Rep., 884.

*Geo. Mendell, Jr.,* for appellee Grist.—Ames having made the first cash payment of $556.25 and having accepted the title, and taking possession of and improving the property was a consummation of the sale under section 4 of the contract, which entitled defendant Boswell to his commission. Smye v. Groesbeck, 73 S. W., 972; Conklin v. Krakaur, 70 Texas, 735; Gibson v. Gay, 43 S. W., 922.

Failure to make the second cash payment provided for in the contract, to be paid January 1st, 1909, is no more a breach in the contract of sale, than the failure to pay a purchase money note at maturity.

KEY, CHIEF JUSTICE.—Being acquiesced in by appellee and found correct, we copy from appellant's brief the following statement of the nature and result of this suit:

"This is a suit brought by the plaintiff John H. Grist, against the defendants W. S. Rankin and W. A. Boswell, in the Justice Court of Precinct No. 3, Travis County, Texas. The plaintiff, in his original petition filed in said court, alleged that on or about the 30th day of June, 1908, W. A. Boswell was the duly authorized agent of the defendant, W. S. Rankin, to sell for him 445 acres of land in Nueces County, Texas; that as such duly authorized agent he sold the said land on said date to Paul K. Ames, of the City of New York, New York, for the sum of $4,450; that by virtue of the said agency and the said sale the defendant Rankin promised and agreed to pay to the said defendant, Boswell, as commission for the sale of said land, the sum of $158.25; that on or about the 5th day of January, 1909, the defendant W. A. Boswell sold and assigned the said claim for commissions against the said W. S. Rankin to the plaintiff John H. Grist for the sum of $100 in cash; that thereby the defendant W. S. Rankin became liable and bound and promised to pay plaintiff said sum of $158.25, with legal interest thereon from date until paid; that the defendant W. A. Boswell guaranteed the payment of said claim in full to the said Grist, whereby the said Boswell became liable to the said Grist in the said sum of $158.25, as such guarantor.

"The said defendant, W. A. Boswell, stated in his answer that the claim sued on herein was due to the plaintiff; that the same was just, due and unpaid, and that he had assigned the same to plaintiff for a valuable consideration and had guaranteed the payment thereof. The

defendant, W. S. Rankin, answered by a general demurrer to the plaintiff's petition, and a general denial of all the allegations thereof.

"A trial was had resulting in a judgment for the plaintiff, John H. Grist, against the defendant, W. A. Boswell, and for Boswell over against the defendant, W. S. Rankin, both of said judgments being for the sum of $158.25, with interest thereon at the rate of six per cent per annum from October 1st, 1908, and all costs of suit. The defendant, W. S. Rankin, perfected an appeal to the County Court of Travis County, and filed therein his first amended original answer, in which he interposed a general demurrer to the plaintiff's petition, and a general demurrer to the defendant, W. A. Boswell's, answer and cross-action and a general denial of the plaintiff's said petition, and the said defendant's answer. The general demurrers, both in the Justice and County Courts, were overruled, to which ruling of the court defendant, W. S. Rankin, excepted, and the trial in the County Court resulted in a judgment in favor of the plaintiff Grist against both the defendants W. S. Rankin and W. A. Boswell for the sum of $158.25, together with interest and costs, amounting to $166.67. Said Rankin gave notice of appeal, and the appeal having been duly perfected, the case is now properly here for revision."

Without discussing in detail the various assignments of error presented in appellant's brief, we sustain the eighth and ninth, and hold that the uncontroverted testimony shows that appellant is not liable. The contract for the sale of the land contains the following stipulation:

"Sixth: It is also agreed between the parties hereto that in the event the party of the second part accepts said title as above provided, or in the event he points out defects therein that are substantial, and the party of the first part, within sixty days thereafter, cures all such defects, and the party of the second part should fail to make, execute and deliver said notes and make the cash payment as above provided to be made on the first day of January, 1909, then the party of the first part shall retain the cash payment made on the delivery of these presents, as his liquidated damages for the breach of the terms hereof by the party of the second part, and this contract in such event shall in all things be terminated."

In Moss & Raley .v. Wren, 102 Texas, 567, 120 S. W., 847, our Supreme Court construed a similar provision in a contract of sale, and held that, on account of such stipulation, there was no completed or absolute contract to purchase, and therefore the agent was not entitled to commissions for making a sale. We are unable to discover any substantial difference between the two cases, and for that reason we hold that the appellant in this case is not liable.

As between plaintiff Grist and defendant Boswell, the judgment is affirmed; as between the plaintiff and the defendant Rankin, and as between Boswell and Rankin, the judgment is reversed and here rendered for appellant Rankin.

*Affirmed in part and reversed and rendered in part.*