## RAMSEY v. WEST TEXAS BANK & TRUST CO.

(Court of Civil Appeals of Texas. San Antonio. March 12, 1913. Rehearing Denied April 10, 1913.)

1. BROKERS (§ 52*)—COMMISSIONS—ACCRUAL OF CAUSE OF ACTION.

A cause of action for commissions earned by a broker who has been employed to procure a purchaser of real estate, and who procures a purchaser making a contract with the owner stipulating for a forfeiture as liquidated damages of the payment made by the purchaser in the event of his failure to carry out the contract on the owner furnishing good title, arises when the sale is consummated or the contract becomes subject to specific performance against both the owner and the purchaser.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 73; Dec. Dig. § 52.*]

2. APPEAL AND ERROR (§ 1011*)—FINDINGS—CONCLUSIVENESS.

A finding on conflicting testimony of witnesses heard by the court will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from District Court, Bexar County.

Action by the West Texas Bank & Trust Company against J. M. Ramsey. From a judgment for plaintiff, defendant appeals. Affirmed.

C. C. Thomas, of Cotulla, and Marcus W. Davis and Bryan F. Williams, both of San Antonio, for appellant. McFarland & Lewright, of San Antonio, for appellee.

TALIAFERRO, J. This is an action by the West Texas Bank & Trust Company, assignee of A. L. Del Cambre, F. M. Jones, I. M. Moore, Edwin Paschal, Hicks Woods, and W. C. Lott, against J. M. Ramsey to recover the sum of $1,412.06 commission earned by its assignors by the sale of a tract of land in La Salle county, Tex., as agents of the said J. M. Ramsey, and against W. C. Lott, as assignor and guarantor of the said debt.

Appellee alleged that appellant Ramsey employed the firm of Del Cambre & Jones to sell the land and agreed to pay them as compensation all that the land might sell for over $20 per acre, and, if the same sold for $20 per acre, to pay them 5 per cent. thereon as commission. That said Del Cambre & Jones employed I. M. Moore, Edwin Paschal, and Hicks Woods as assistants, and that on November 29, 1909, a sale of the land was made by said agents to C. H. Dean and C. D. Gilliam, at $20 per acre, and $5,000 of the purchase money paid in cash. That all the above-named parties had assigned their claims against appellant Ramsey to W. C. Lott, and that Lott had, for value, assigned the whole claim to appellee and guaranteed its payment. Appellant Ramsey interposed a plea of privilege and answered by general demurrer, various special exceptions, general denial, special denial, and plea of the two years' statute of limitations. The case was tried without a jury and the court found the law and facts with appellee and rendered judgment in its favor against J. M. Ramsey and W. C. Lott for $1,412, with 6 per cent. interest from November 29, 1909, and in favor of Lott over against Ramsey as the primary debtor.

[1] This action was not barred by the statute of limitation as contended by appellant in his first assignment of error. The sale was upon a written contract, dated October 23, 1909, which contained a clause as follows: "Should said title be a good and merchantable one, or be completed so as to be a good and merchantable one within the time mentioned, and party of the second part should thereupon fail or refuse to carry out and complete the provisions of this contract, then it is mutually agreed that said five thousand dollars paid in cash, as evidenced by said draft, shall thereupon be forfeited to party of the first part as liquidated damages and this contract shall become null and void." This language is not open to two constructions. It means that, if the purchaser default in his contract, he forfeits the $5,000 paid; the seller accepts the $5,000 as stipulated damages and the contract is absolutely at an end. No option is left to either party. The cause of action of appellee in this case arose at the first moment when the contract had advanced to a point where specific performance was enforceable against both parties. That was on November 29, 1909, when the deed was delivered, the draft paid, and the notes executed and delivered. The rule in such cases is that where an agent has found a purchaser able and willing to buy, who has entered into a contract under which a specific performance can be enforced, the agent's commission is earned; but, when the contract is such a one as calls for a forfeiture of the earnest money only in case of default, the commission is not earned until the sale is consummated. Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847; Rankin v. Grist, 129 S. W. 1147; Simpson v. Eardley, 137 S. W. 378.

[2] Appellant's second and third assignments of error are overruled. The evidence was meager and no doubt unsatisfying to the trial court; but there was evidence both ways, and that court, upon the conflict, having found that appellant agreed with Del Cambre & Jones, and their representatives, to pay 5 per cent. commission for the sale of the land at $20 per acre, we are precluded from finding otherwise. The same can be said of the third and fourth assignments of error. The evidence upon which the court was required to base his judgment was nebulous and vague; but, such as it was, it was conflicting, and the trial court who saw and heard the witnesses resolved the doubts, if he had any, in favor of appellee, and we will do likewise.

The fifth assignment of error is not presented in a form that we can consider, and with the third and fourth is overruled.

The judgment of the lower court is affirmed.

The CHIEF JUSTICE enters his disqualification in this cause.