## BLAIR v. LOWREY.

(Court of Civil Appeals of Texas. Amarillo. Feb. 21, 1914.)

SPECIFIC PERFORMANCE (§ 13*) — DEFENSES — OWNERSHIP OF PROPERTY.

If the property does not belong to the person contracting to convey, the contract cannot be specifically enforced.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 30–32; Dec. Dig. § 13.*]

Appeal from Floyd County Court; Arthur B. Duncan, Judge.

Action by J. W. Blair against C. S. Lowrey. From a judgment for defendant, plaintiff appeals. Affirmed.

C. H. Veale, of Floydada, and Synnott & Underwood, of Amarillo, for appellant. R. C. Joiner, of Plainview, for appellee.

HALL, J. J. W. Blair, as real estate broker, filed this suit in the county court of Floyd county against appellee, Lowrey, to recover $500, alleged to be due as commissions on the sale of defendant's real estate. Plaintiff's petition contains the necessary allegations, and the defendant's answer, after general denial, alleged that no exchange was made, and that Stephens, the other party to the exchange, was unable to carry out his agreement, because he did not own the land, and that it was not defendant's fault that the trade was never consummated. At the conclusion of the testimony the court directed the jury to return a verdict for the defendant, and judgment was entered accordingly.

Several questions are presented in the appellant's brief for consideration; but in our opinion it will only be necessary to consider one proposition. Appellee insists that the written contract entered into between appellee and J. J. Stephens was not binding, and could not be specifically enforced, and that, under the case of Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847, and authorities there cited, appellant was not entitled to commissions until such a contract had been executed. The evidence developed the fact that a portion of the land which Stephens was to convey to appellee in part consideration for appellee's land belonged to the wife of Stephens, and that she refused to execute a conveyance, thus placing it beyond the power of appellee and Stephens to close the trade. The rule is that, when the proof shows that the property contracted for does not belong to the party making the contract, there can be no specific performance decreed. C. W. Hahl & Co. v. West, 129 S. W. 878; Clifton v. Charles, 53 Tex. Civ. App. 448, 116 S. W. 122. There being no issue of fact to submit to the jury, we think the court was correct in peremptorily instructing a verdict.

The judgment is affirmed.