JACKSON v. BIGGERSTAFF & PERKINS. (No. 7162.)

(Court of Civil Appeals of Texas. Dallas. May 30, 1914. Rehearing Denied June 27, 1914.)

1. APPEAL AND ERROR (§ 1001*)—REVIEW—FINDINGS.

Where the evidence would have sustained a finding for either plaintiff or defendant, the jury's finding for the plaintiff will be adopted on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

2. BROKERS (§ 63*)—COMPENSATION—FAILURE TO COMPLETE CONTRACT.

Real estate brokers who secured an acceptable purchaser to whom the owner agreed to sell were entitled to their commissions, though the owner exercised a privilege agreed upon with the purchaser of withdrawing upon forfeiture of a certain sum; the transaction not being a mere option, as the purchaser was bound and ready to comply, but the owner's fault defeated the

sale, and their right to the commissions not being wholly dependent upon the contract between the owner and purchaser.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 79, 81, 94–96; Dec. Dig. § 63.*]

3. BROKERS (§ 60*)—COMPENSATION—SUFFICIENCY OF SERVICES.

A broker may recover his commissions whenever he secures a purchaser ready, willing, and able to purchase the land on the owner's terms and conditions, unless the sale is not consummated because of the purchaser's fault, or, though the purchaser is unwilling to complete the deal, if there is an enforceable contract to purchase.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 91; Dec. Dig. § 60.*]

Appeal from Collin County Court; H. L. Davis, Judge.

Action by Biggerstaff & Perkins against Sam Jackson. Judgment for plaintiffs, and defendant appeals. Affirmed.

F. E. Wilcox, and G. R. Smith, both of McKinney, for appellant. John Doyle, of McKinney, for appellees.

RASBURY, J. Appellees sued appellant in the court below, alleging they were employed by appellant to sell or exchange appellant's lands, and that in pursuance of such employment they did find a purchaser, who agreed in writing to buy said lands on terms accepted by appellant, but which agreement appellant refused to comply with. Prayer was for the commissions or fees agreed upon.

Appellant's defense was that he was not liable for the commissions, because appellees' customer breached the contract and refused to comply with its provisions, and because the contract between appellant and appellees' principal was not binding upon appellant, since by its terms appellant had the right to recede from the contract upon the payment of a stipulated forfeit to appellees' principal, and that such a forfeit was, in fact, paid.

There was a jury trial resulting in a verdict for appellees, followed by judgment, from which this appeal is prosecuted.

[1] We deduce from the record in support of the verdict of the jury, in substance, the following essential and undisputed facts: Appellant did employ appellees to sell his lands, and, in pursuance of such employment, appellees found a purchaser therefor in the person of J B. Hewell, with whom appellant entered into a contract in writing by which, omitting details, Hewell was to buy appellant's lands for an agreed and stipulated price, appellant agreeing to accept as part payment thereof certain property of Hewell's, both personal and real, conditioned upon the title of both contracting parties to their respective properties being good. While the written contract did not contain such a provision, it was nevertheless agreed between appellant and Hewell that appellant should deposit with the cashier of a local bank at Hutto, where Hewell resided, and where the agreement was consummated, his promissory note, for $500 against Hewell's deed for the property he was to convey to appellant, with the understanding that the note should be delivered to Hewell if appellant wrongfully refused to comply with the contract to sell his lands to Hewell. The sale was not consummated, and upon trial testimony was adduced sufficient to support a finding by the jury that it was due to the refusal of either appellant or Hewell to observe the contract, and for that reason we follow the rule in such cases and adopt the findings of the jury that it was due to the fault of appellant. When appellant failed to observe his contract to convey, Hewell sued appellant upon the note. This suit was ultimately compromised by appellant paying one-half thereof.

[2, 3] There are a number of assignments urged by appellant, but, since none of them disclose error upon charges submitting the case to the jury, as relates to the rights of appellant, it will not be necessary to consider them, since we conclude that upon the undisputed facts and those found by the jury the proper verdict was returned. It is argued by counsel for appellant with much earnestness that because appellant had the right to recede from the contract to sell and convey the land by paying to Hewell a forfeit or stipulated amount, appellees could not recover, because the contract at most was but an option. The contention, we believe, is unsound. Many cases can be found holding that, where the broker secures a purchaser for his principal's lands and the principal gives the purchaser an option upon the land, the broker cannot claim his commission until the purchaser exercises the option and actually acquires the land. Moss v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847; Wilson v. Ellis, 106 S. W. 1153; Rankin v. Grist, 129 S. W. 1147; Crum v. Slade & Bassett, 154 S. W. 353; Ramsey v. West Texas Bank & Trust Co., 155 S. W. 551. No such state of facts is presented by the record in the instant case, however. Hewell, the purchaser, by the contract entered into with appellant had no option in the matter, but was bound to accept the land on the terms and conditions named therein whenever appellant complied with the provisions imposed upon him thereby. It is true that appellant and Hewell agreed that appellant, even after Hewell had complied in all respects with the contract, might recede from his obligation to convey the land by paying Hewell the sum of $500. There is, however, as applied to the broker, a broad and apparent distinction between a purchaser who has secured the option of purchasing lands and a seller who reserves the right upon his wrongful refusal to convey to satisfy the purchaser's rights arising thereby by paying a stipulated sum

of money. The latter right ignores the rights of the broker, and, as applied to him, such reservation in no respect affects his right to recover his fees when he has by his efforts secured acceptable purchaser. Such a rule will fall by the weight of its own inequity. If enforced, it would destroy the rule long enforced, which permits the broker to recover his fees whenever he secures a purchaser ready, willing, and able to purchase his principal's lands on the terms and conditions agreed to by the principal; unless, of course, the sale is not consummated as the result of the fault of the purchaser. The distinction between an option by the purchaser and the right of the seller to recede upon the payment of a forfeit is very clearly stated in Hamburger & Dreyling v. Thomas, 103 Tex. 280, 126 S. W. 561. In that case the purchaser had the alternative, in case title was good, of purchasing the lands or paying a stipulated forfeit. The title of the seller, however, was bad, and for that reason the sale was not consummated. The brokers sued for their commissions, and, among other defenses, it was urged that the brokers could not recover because the purchaser they secured was only optionally bound to purchase the land, since he had the right to refuse to purchase upon payment of the forfeit, and until he had actually purchased the fees had not been earned. In discussing that question the Supreme Court said:

"There would be more force in this if the title had proved satisfactory and Baker had exercised his right to recede from the trade by forfeiting the money deposited. In such case there would have been neither a willingness to buy nor an enforceable contract to buy, one or the other of which conditions would be essential to the broker's right to compensation. But the latter condition is not essential where the first exists and the sale is defeated by the owner of the property. The question whether or not the plaintiff (broker) performed the service called for by the contract is not wholly dependent upon the writing executed between the owners of the property and the proposed purchaser. The fact that the latter really was willing and able to buy, and would have bought, notwithstanding he was at liberty not to do so, had he not been prevented by the defendant's failure to produce proper evidence of title, must be regarded as controlling, and as dispensing with the necessity of a binding contract to purchase which might otherwise have existed."

Thus the rule is that before the broker can recover the purchaser must be willing to buy, or, if unwilling, there must be a contract of purchase which is enforceable. Here the purchaser was willing to buy, and could have been compelled to do so as well, but, due to the fault of the seller in exercising his right to recede from the contract by paying the forfeit, the sale was defeated; and, while he had the right to do so, it was his action that nevertheless prevented the sale, and since, as said in the case cited, appellees' right to receive their fees for the services performed is not wholly dependent upon the contract between the purchaser and seller,

and since appellees did secure an acceptable purchaser, that condition must control.

The judgment is affirmed.