STANFORD v. WILIE, CARPENTER & Mc-
CLELLAND.   (No. 5493.)

(Court of Civil Appeals of Texas.   Austin.
May 12, 1915.)

1. BROKERS ⊜⇒54 — COMPENSATION — SUFFI-
CIENCY OF SERVICES.

To earn his commission a broker must pro-
cure a purchaser ready, able, and willing to
carry out the contract, and a failure to do so
destroys his right of recovery.

[Ed. Note.—For other cases, see Brokers,
Cent. Dig. §§ 75–81; Dec. Dig. ⊜⇒54.]

2. BROKERS ⊜⇒60—COMMISSIONS—RIGHT TO.

A broker procuring for his principal a con-
tract for the exchange of property providing
that each party should furnish the other an
abstract showing a good and merchantable title
to his property, on failure of the other party
to show such title, for which reason the ex-
change was never carried out, was not entitled
to a commission; but the principal could not
avoid liability on the ground that the contract
would not be specifically enforced on account of
the other party's failure of title, since the con-
tract in effect declared that it was not en-
forceable in case either party was unable to fur-
nish a good title.

[Ed. Note.—For other cases, see Brokers,
Cent. Dig. § 91; Dec. Dig. ⊜⇒60.]

Appeal from McLennan County Court; Geo.
N. Denton, Judge.

Action by Wilie, Carpenter & McClelland
against J. H. Stanford.  Judgment for plain-
tiffs, and defendant appeals.  Reversed and
remanded.

W. L. Eason and J. A. Stanford, both of
Waco, for appellant.  Chas. B. Braun and
Witt & Saunders, all of Waco, for appellees.

RICE, J.   We adopt appellant's statement
of the nature and result of the suit, which
shows that:

"This is a suit by appellees for the recovery
of commissions, in which appellees allege, in
substance, that they, as agents of appellant,
procured the execution of a written contract
between appellant, their principal, and T. E.
Prunty, for the exchange of certain real estate,
and that by so doing they had earned their
commissions.  Appellant answered, admitting
the execution of said contract for the exchange
of properties with T. E. Prunty, but alleged
further that said contract was only a prelimi-
nary step looking to the exchange of said prop-
erties, and that said contract provided that each
party should furnish the other, within ten days,
an abstract showing a good and merchantable
title to the property proposed to be exchanged,
and alleged further that the abstract furnished
by Prunty not only failed to show title in
Prunty to the 134.6 acres, which he contracted
to convey to appellant in exchange for his sec-
tion, but showed affirmatively that T. E. Prun-
ty did not own said land, and that said abstract
furnished by Prunty purported to show title to
only 122.98 acres, and that the title to said
122.98 acres, as shown by said abstract, was
defective in many particulars, and was not a
good title, and that said defects were never
cured, for which reason said exchange was nev-
er carried out."

Appellees presented several special excep-
tions to all the allegations in appellant's an-
swer to the effect that Prunty did not own
the land which he contracted to convey to

appellant, and that the title to such land as
he did own was not a good and merchantable
title, and that by reason thereof the exchange
was never made, etc., upon the ground that
said allegations were immaterial and irrele-
vant.  The court sustained said exceptions,
to which action of the court the defendant
excepted.  Appellees introduced the contract
for the exchange of properties and some pre-
liminary evidence, whereupon the court in-
structed the jury to return a verdict for ap-
pellees, and judgment was entered in accord-
ance therewith, from which appellant prose-
cutes this appeal, urging that the court erred
in sustaining appellees' exception to the par-
agraph of his answer asserting that Prunty
did not have a good title to the farm in ques-
tion.

It is true that appellant entered into a con-
tract with Prunty by which he agreed to sell
and convey to him a section of land in Arm-
strong county, and that Prunty, in considera-
tion thereof, agreed to purchase the above-
described section, and in payment therefor
agreed to convey to appellant his said farm
in McLennan county, consisting of 134.6
acres, but said contract contains these fur-
ther stipulations, as follows:

"It is further mutually agreed that each par-
ty hereto will furnish an abstract brought down
to date to the other party, showing a good and
merchantable title to the respective proper-
ties involved in this contract; this deal to be
closed within twenty days from date.  Provided,
that should either party find valid objections
to the title to the property being conveyed to
him, then the party conveying such title shall
have ten days within which to remove such ob-
jections."

Thereafter a supplemental agreement was
made whereby the parties extended the time
within which to close said deal.

[1] It is elementary that the broker, in or-
der to comply with his contract and earn his
commission, must procure a purchaser who is
ready, able, and willing to carry out the con-
tract, and a failure to do so defeats his right
of recovery; but appellees insist that having
brought the parties together, who made a
contract binding each other to an exchange
of lands, they were entitled to recover their
commissions, notwithstanding the trade was
not consummated owing to the defective con-
dition of Prunty's title, citing in support of
their contention Seidel v. Walker, 173 S. W.
1170; Watkins v. Thetford, 43 Tex. Civ. App.
536, 96 S. W. 72; Leuschner v. Patrick, 103 S.
W. 664; Scully v. Williamson, 26 Okl. 19,
108 Pac. 395, 27 L. R. A. (N. S.) 1000, Ann.
Cas. 1912A, 1265; Moore v. Irvin, 89 Ark.
289, 116 S. W. 662, 20 L. R. A. (N. S.) 1168,
131 Am. St. Rep. 97; Goldberry v. Thomas,
178 Mo. App. 334, 165 S. W. 1179; Lombard
v. Sills, 170 Mo. App. 555, 157 S. W. 93;
Roche v. Smith, 176 Mass. 595, 58 N. E. 152,
51 L. R. A. 510, 79 Am. St. Rep. 345; Pinker-
ton v. Hudson, 87 Ark. 506, 113 S. W. 35;
note to 11 Ann. Cas. 786; Kalley v. Baker,

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542.

[2] We understand these authorities to apply to cases in which an unconditional contract binding the parties to convey is entered into. Here, the contract was contingent, dependent entirely upon the ability of each of the parties to furnish an abstract showing a good and merchantable title to their respective properties, and a failure to do so would defeat the contract. So, in our opinion, the court erred in sustaining the exception holding that the defense of failure of title was immaterial. Besides this, appellant contends that he was not liable for commissions, for the reason that the contract could not be specifically enforced on account of failure of title on the part of Prunty, citing in support of this view Blair v. Lowrey, 164 S. W. 14; Hahl & Co. v. West, 129 S. W. 878; Clifton v. Charles, 53 Tex. Civ. App. 448, 116 S. W. 122; Greusel v. Dean, 98 Iowa, 405, 67 N. W. 275. See, also, Mass & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847.

In Blair v. Lowrey, supra, where a similar defense to the one here invoked was made, it was held that the broker was not entitled to recover on the ground that the contract could not be specifically enforced. We think the instant case is distinguishable from the line of cases cited by appellees, of which Roche v. Smith, 176 Mass. 595, 58 N. E. 152, 51 L. R. A. 510, 79 Am. St. Rep. 345, is perhaps the clearest enunciation of the doctrine contended for by appellees, for the reason that the parties in this case entered into a conditional contract in which it was contemplated that neither should be bound in the event that the other did not comply with that provision of the contract wherein he bound himself to furnish a good and merchantable title. Such a provision was equivalent to the insertion of a stipulation to the effect that this contract is not enforceable in the event either party is unable to furnish a good title to the land he binds himself to convey. Appellees therefore did not bring themselves within the rule announced in Roche v. Smith, supra, and the other cases relied upon by them.

For the reasons indicated, the judgment should be reversed, and the cause remanded, and it is so ordered.

Reversed and remanded.