SMITH v. FELDER et al. ' (No. 6125.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 8, 1919. Rehearing Denied Feb. 5, 1919.)

BROKERS ☞64(2)—REAL ESTATE EXCHANGE TRANSACTION — COMPENSATION — CONDITIONAL CONTRACT.

Broker, having contract to procure buyer "suitable" to owner, was not entitled to commissions for procuring contract for exchange of land conditioned upon ability of each party to give good title, where exchange was not perfected because of inability of party produced by broker to furnish good title.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by C. A. Smith against J. L. Felder and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Lewright & Douglas, of San Antonio, for appellant.

T. F. Mangum, of San Antonio, for appellees.

FLY, C. J. This is a suit for $487.50, alleged to be due as commissions for the procurement of the exchange by appellant of certain real estate between appellees, J. L. Felder and Camp Felder, and G. Denton. The cause was tried by jury, and a verdict instructed for appellees, upon which judgment was rendered.

The evidence showed that no exchange of property took place between the parties, on account of defects in the title of Denton. The evidence is undisputable that the failure to make the exchange was not on account of any defect in the title to appellees' land, but on account of defects in the title of Denton. The contract, as testified to by appellant, was:

"That I was to find a buyer for his property, and if suitable to him, he was to pay me the commissions usually agreed to of 2½ per cent. for the exchange of his property, up to $6,000, and 5 per cent. on the balance."

Appellant afterward procured a contract between appellees and Denton, by which each agreed to furnish an abstract of title "conveying a good and merchantable title." Denton failed to furnish an abstract showing "a good and merchantable" title, and the exchange of property was never perfected. Appellant admitted that he was to receive—

"2½ per cent. if the property had been exchanged. Each party would have paid me 2½ per cent. on one-third of the value of the property, and for the other two-thirds it would have been 5 per cent., to be paid by the party holding the larger interest in the exchange."

Taking the testimony of appellant as being absolutely true, although sharply contradicted, he fails to make out a case. He did not "find a buyer for his property" that was "suitable" to appellees, because he found one with a defective title to his land, which he made no effort to cure. Appellant was to be paid for the exchange of the property of appellees for other property, and that property, by the terms of a contract procured by appellant, was to be held by "a good merchantable title" in Denton. In order that the broker may recover commissions in case of an exchange of properties, he must show either that there was no stipulation as to the title of the person found by him, or that such a stipulation was met by an offer to give such title as the stipulation demanded. English v. George Realty Co., 55 Tex. Civ. App. 137, 117 S. W. 996.

In the contract entered into between appellees and Denton it was agreed that each party should deposit $250 in escrow as "earnest money," and—

"that if either party to this contract fail or refuse to comply with the obligations hereby entered into that the party in default shall forfeit the two hundred and fifty ($250.00) dollars placed in escrow as liquidated damages for breach of contract."

Quite similar language was held to prevent specific performance of the contract, and that the seller is bound to accept the sum for damages against the purchaser, and that the broker who had procured such a contract could not recover commissions against the seller. Simpson v. Eardley, 137 S. W. 378. The opinion cited the case of Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847, as being decisive of the Simpson-Eardley Case, and a writ of error was refused. The reason of the rule in such cases is that no purchaser has been procured who is able to enter into an absolute contract to purchase the land.

The contract in this case was conditional upon the ability of the parties to make a good title. This distinguishes it from the case of Seidel v. Walker, 173 S. W. 1170, and the case of Roche v. Smith, 176 Mass. 595, 58 N. E. 152, 51 L. R. A. 510, 79 Am. St. Rep. 345, cited by appellant, as well as others of like tenor, and brings it clearly within the purview of Blair v. Lowrey, 164 S. W. 14, and Stanford v. Willie, 178 S. W. 991.

The judgment is affirmed.