## DUNIVEN v. TURNER.     (No. 2204.)*

(Court of Civil Appeals of Texas. Amarillo. Feb. 13, 1924. Rehearing Denied March 12, 1924.)

I. Brokers 54—Agent not entitled to commissions in exchange of properties where purchaser unable to furnish good title.

An agent was not entitled to commissions for effecting exchange of properties where purchaser was unable to furnish a clear title to any of his land except one section when the contract was to be consummated.

2. Vendor and purchaser 140 — Abstract held not to show good title where not brought down to date and certified.

Where a contract required the purchaser to furnish an abstract of title brought down to date and certified, an abstract which was not brought down to date and certified did not show a good and merchantable title.

3. Vendor and purchaser 140—Furnishing of abstract of title within a reasonable time held a condition precedent.

Where a contract required purchaser to furnish an abstract of title within a reasonable time, the furnishing of such abstract was a condition precedent to purchaser's right to demand a conveyance.

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 7, 1924.

**4. Brokers ☞88(3)—What constituted a reasonable time to perfect title held a mixed question of law and fact.**

In broker's action for commissions for effecting an exchange of properties, where the contract for exchange required purchaser to perfect his title within a reasonable time, what constituted a reasonable time was a mixed question of law and fact.

Error from District Court, Dallam County; Reese Tatum, Judge.

Action by Arthur Duniven against Carrie P. Turner. Judgment for defendant, and plaintiff brings error. Affirmed.

W. I. Gamewell and Clifford Braly, both of Dalhart, for plaintiff in error.

Tatum & Strong, of Dalhart, and C. E. Gustavus, of Amarillo, for defendant in error.

HALL, C. J. Plaintiff in error, Duniven, as plaintiff in the court below, sued Mrs. Turner, to recover certain commissions alleged to be due him as a real estate broker. The substance of his petition is that he was engaged in business as a real estate broker, during March and April, 1921, at which time the defendant informed him that she desired to dispose of certain property owned by her and situated in the town of Canyon. He alleges that she agreed to pay him 2½ per cent. commissions on an exchange price of her property at $60,000; that he introduced her to one G. T. Whaley; and that defendant entered into a written contract with Whaley to exchange her property for certain property belonging to the said Whaley. Plaintiff further alleges that under the terms of the contract between defendant and Whaley the latter had a reasonable time in which to cure any defects in the title to his land, should any defects be found, and alleges that February 1, 1922, at the latest, was such reasonable time; that before a reasonable time had expired in which Whaley might have, under the terms of the contract, cured the defects pointed out by defendant's attorney, and while Whaley was exercising diligence in trying to cure the defects, defendant breached the contract and refused to exchange property with Whaley; that said Whaley was ready, willing, and able, or could have been able, willing, and ready, within a reasonable time, to convey his land to defendant and comply with said contract, but for defendant's said breach. It is alleged that the contract required Whaley to exhibit to defendant an abstract of title showing a good and merchantable title to said lands in said Whaley's name and that within the time provided in the contract Whaley did furnish such an abstract of title; that the defendant had said abstract examined by her attorney, who pointed out

certain objections to the title to said land, to meet which proceedings in court became necessary, but which could have been met within a reasonable time after April 9, 1921; that before the months of November or December, 1921, or before January or February, 1922, and before a reasonable time had expired in which Whaley had to comply with his contract, the defendant in error notified Whaley on or about August 20, 1921, that she would not comply with the contract and but for her acts said Whaley could have, within a reasonable time, exhibited abstracts showing a good and merchantable title; that at the time of signing said contract the defendant, Mrs. Turner, knew that a small part of the land which Whaley was to convey to her was claimed by some minors; that Whaley had been appointed guardian of the estate of said minors and that later, in July, 1921, the defendant, through her duly authorized agent, Thurman Holmes, entered into an agreement with Whaley, whereby $4,000 of the notes to be executed under the terms of said contract by her to the said Whaley were to be placed in escrow in some bank to be held until said Whaley could meet the objections of her attorney to the title to said land, and after making said agreement she declined to consummate or comply with it in any respect. Plaintiff further alleged, in the alternative, that if defendant did not promise to pay him the sum of $1,500 under an express agreement, then that she impliedly agreed and promised to pay him for such services the sum of $1,750, which was the usual, customary, and reasonable charges for such services in such vicinity under like and similar circumstances.

In her answer, after a general demurrer, special exception, and general denial, the defendant specially alleged that if she ever listed her property with plaintiff in error for sale, or authorized him to find a purchaser or a person owning property to exchange for any property owned by her in any manner whatever, it was upon the express agreement, stipulation, and understanding that she, in no event, was to become bound and liable to pay plaintiff in error any commission unless the sale or exchange was actually consummated and completed. She denies that she ever authorized plaintiff in error to list any property of hers for sale or exchange, and alleges that she is informed and believes that one G. T. Whaley had listed property which he owned with the plaintiff, and that plaintiff, in the course of such employment and as the agent of Whaley, sought defendant for the purpose of making an exchange of properties with her, and that if she ever agreed to pay plaintiff any commissions that he did not act in good faith with her, and she is there-

fore released from any such obligation. She alleges that the contract with Whaley was dictated, prepared, and entered into by plaintiff; that said contract represented that Whaley was the owner in his own name of a good and merchantable title to the lands described in the contract, which Whaley was to exchange with defendant for her property, and that she was induced by such representations to sign said contract when in truth and in fact a portion of the land described therein was not owned by Whaley, which fact was known to plaintiff at the time the contract was executed, and she was thereby deceived and defrauded by the plaintiff into signing such contract; that she knew nothing of the condition of the title of Whaley's land, was inexperienced in such matters, and fully relied upon the statements and representations made by plaintiff in error; that Whaley did not have possession of or own said lands and could not furnish a good and merchantable title in himself thereto; that the abstracts furnished by Whaley were not full, complete, and brought down to date, as required by the written contract, and did not show a merchantable title to said land in Whaley; that there were oil and gas leases existing upon the land; some of the land was owned as community estate by Whaley and his deceased wife; that Whaley had been appointed guardian of said estate, and while acting in said capacity attempted to sue his minor children for a partition to divest them of their interest, which proceedings were void; that a minor heir by the name of A. H. Smith owned an interest therein; that there were unreleased vendor's lien notes against the land; that the condition of the title was such that the objections thereto could not be cured within any reasonable time and that the said Whaley could not convey to defendant in error a good and merchantable title, in consequence of which no exchange was ever made with Whaley. She denies the agency or authority of her son, Thurman Holmes, to represent her in any agreement with reference to the deposit in escrow of $4,000 in notes, and denies that any such contract was ever consummated or that said notes were ever placed in escrow in any bank. The written contract, which was drawn up by Duniven, stipulates in part that the defendant and Whaley were to make an exchange of the property belonging to each of them respectively, upon certain terms and conditions therein set out. It is stipulated that each party shall, on or before June 1, 1921, furnish to the other party an abstract of title to the properties owned by the respective parties, said abstracts to be certified down to date by a responsible and reliable abstractor; that they should show a good and merchantable title to the several properties to be vested in the name of the respective parties to the contract, save

and except as to certain liens mentioned therein. The contract further stipulates that each party shall have 20 days after being furnished with abstract in which to examine the same, and if errors be found, and defects in the titles, the owner of such property should have a reasonable time thereafter in which to cure said defects and perfect said title. Mrs. Turner bound herself in said contract to surrender the possession of her property on September 1, 1921, in the event the exchange was consummated. Whaley bound himself to deliver possession of grazing lands owned by him on November 15, 1921, and to deliver possession of the cultivated land on or before September 1, 1921, reserving the right to remove the crops then growing on said cultivated land. The cause was submitted to a jury upon three special issues, and the findings are as follows:

"(1) That plaintiff did not agree with the defendant at the time she listed her property with him, and prior to the time the contract to exchange with Whaley was executed, that defendant was not to pay plaintiff any commission for the exchange of her property in case the deal was not consummated.

"(2) That until September 1, 1921, would have been a reasonable time within which Whaley had to cure the defects and perfect his title to the land after April 9, 1921.

"(3) That Whaley could not have perfected his title within a reasonable time after April 9, 1921, even if defendant had not called off the deal."

Based upon this verdict, judgment was entered for the defendant in error.

[1-3] The court instructed the jury that Whaley did not furnish an abstract showing a clear title to any of his land except as to one section. Unless the title to his land was clear, save as to the incumbrances mentioned in the contract, which Mrs. Turner was to assume, he was neither ready nor able to complete the exchange. There was no such contract as Mrs. Turner could have specifically enforced. If the purchaser was not ready and able to consummate the deal and no enforceable contract had been entered into between the parties, the broker was not entitled to his commissions. Lanham v. Cockrell, 108 Tex. 403, 194 S. W. 936; Smith v Felder (Tex. Civ. App.) 208 S. W. 409; Blair v. Lowrey (Tex. Civ. App.) 164 S. W. 14; Stanford v. Wilie et al. (Tex. Civ. App.) 178 S. W. 991; Webb v. Durrett (Tex. Civ. App.) 136 S. W. 1189. According to the uncontradicted evidence, Whaley's abstracts of title were not brought down to date and certified, as required by the contract, and they did not, therefore, show a good and merchantable title. Gaut v. Dunlap (Tex. Civ. App.) 188 S. W. 1020. The furnishing of such an abstract by Whaley was made a condition precedent by the contract. Bowles v. Umberson, 101 S. W. 842; Matheson v.

C-B Live Stock Co. (Tex. Civ. App.) 176 S. W. 734; Alling v. Vander Stucken (Tex. Civ. App.) 194 S. W. 443.

The first issue submitted an immaterial question. If the exchange was not consummated because Whaley was unable to convey perfect titles, then under the law appellant had not earned his commissions and was not entitled to recover whether or not there was any agreement concerning it.

[4] What was a reasonable time within which Whaley could have perfected his title is, under the record, a mixed question of law and fact. Potter County v. Boesen (Tex. Civ. App.) 191 S. W. 787; Id. (Tex. Com. App.) 221 S. W. 948. The jury's finding that until September 1, 1921, was a reasonable time in which Whaley could have perfected his title is fully as favorable to him as the facts will warrant.

The further finding that Whaley could not have perfected his title within a reasonable time is supported by ample evidence.

The propositions and assignments not specifically discussed are all overruled, and the judgment is affirmed.