## APPEAL OF R. M. WAGGONER.

## APPEAL OF ADA WAGGONER.

Docket Nos. 5880, 5881.   Promulgated December 17, 1927.

*Harry C. Weeks, Esq.*, for the petitioners.
*Bruce A. Lowe, Esq.*, for the Commissioner.

LITTLETON: Reargument was had in these proceedings upon motion of the petitioners subsequent to the publication of the Board's findings of fact, opinion, and interlocutory decision on January 26, 1927.

Petitioners contend first that the Board should set aside its conclusion as to the Waggoner-Greene-Noble & Co. transaction relat-

ing to a three-eighths oil and gas interest as a completed sale in 1919, giving rise to the receipt of a total taxable profit of $222,607.15 in that year, and, secondly, that the evidence in the record is not sufficient to support the conclusion that petitioners' depletion deduction should be computed upon 280,523.71 barrels of oil as affirmatively claimed by the Commissioner in his answer instead of 435,429.10 barrels as set forth in the deficiency notices.

Concerning the Noble transaction, the facts showed that the contract of sale dated November 26, 1919, provided that Waggoner and Greene, the sellers, were given until December 11, 1919, to furnish an abstract of title to the property; that Noble & Co., purchaser, was given one week or until December 18 within which to examine the abstract and point out any defects therein and that the sellers should have an additional two weeks, or until January 1, 1920, within which to cure any defects which might be pointed out by the purchaser. A partial abstract was furnished shortly prior to December 20, 1919. This was returned by counsel for Noble & Co., with request that the same be brought down to November 26, 1919. Completed abstract was furnished on or about December 27, 1919. This abstract showed good title in the sellers. The Board concluded that the contract of sale did not give Noble & Co. one week from December 27, 1919, within which to examine the abstract and that inasmuch as the evidence justified the conclusion that the abstract and title furnished on that date showed good and merchantable title, the sale became completed.

Upon further consideration of the record in the case and argument of counsel, the Board is of the opinion that it erred in holding that the sale was completed and that the profit was realized in the year 1919. Since this decision the Board has had occasion to consider a similar question as to whether income was derived in 1916 or 1917 in the proceeding of *North Texas Lumber Co.*, 7 B. T. A. 1193. In that proceeding the Board said, " We do not question that equitable title passed to the purchaser at the time the option was exercised and a contract to sell came into effect, so that any loss or damage to the property would have been the loss or damage of the purchaser. We do not understand, however, that because equitable title may have vested, the vendor then has a legal right to recover the purchase price, which is the principal question here involved since the books of the petitioner were kept upon an accrual basis."

Waggoner and Greene employed the cash receipts and disbursements method of accounting. Further the Board said " Ordinarily one who has entered into a contract for the sale of property, whether real or personal, has no right to recover the purchase price until the delivery of the property sold. In the case of real property a right

to recover by way of an action for specific performance may exist when a proper tender has been made. Here there was no delivery of the property to the purchaser either by giving it possession of the property, by delivery of a deed, or otherwise, until January 5, 1917, and no tender or delivery, and it was not until 1917 that any right to demand or receive payment of the purchase price arose." While in this proceeding the purchaser took possession of the property when the contract of sale was made on November 26, 1919, the deed and the purchase price given were placed in escrow, and Waggoner and Greene had no right to demand it until the purchaser had examined the abstract furnished by them. This did not take place until the year 1920. See, also, *Davis v. Fant* (Tex. Civ. App.) 93 S. W. 193; *Leonard v. King* (Tex. Civ. App.) 164 S. W. 1110; *Jones v. Taylor* 7 Tex. 240; *Roos v. Thigpen* (Tex. Civ. App.) 140 S. W. 1180; *Duniven v. Turner* (Tex. Civ. App.) 259 S. W. 267; *Mathews v. Caldwell* (Tex. Civ. App.) 258 S. W. 810.

Upon the second point the record has again been examined in the light of the reargument of counsel and the Board is of the opinion that its conclusion as to the basis for the depletion allowance to the petitioners is correct and that the finding of this allowance should be computed upon 280,523.71 barrels as amply supported by the evidence.

Petitioners' motion for a modification of the opinion promulgated January 26, 1926, as to the Waggoner-Greene-Noble & Co. transaction is granted and it is held that no profit from this transaction should be included in income for the year 1919. The motion is denied as to the depletion question.

The parties are directed to file a recomputation of the deficiency for 1919 in accordance herewith.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*