Court of Civil Appeals of Texas. San Antonio.
Feb. 12, 1930.
Rehearing Denied March 12, 1930.

, Douglas & Black, of San Antonio, for appellant.

Briscoe & Morris and Joe L. Hill, all of San Antonio, for appellee.

FLY, C. J.

Appellees instituted this action to recover of appellant the sum of $800, alleged to be due as commissions to appellees, as real estate brokers, for procuring a purchaser for certain real estate owned by appellant. The cause was submitted to a jury on special issues, in answer to which the jury found that appellant promised to pay appellees the sum of $500 for their services in the Middleton-Spring transaction; that the payment of the $500 was not conditional on the final consummation of the sale. The jury also found that appellant agreed to pay appellees the sum of $300 for their services rendered in connection with the Spring-Jones transaction, which was not contingent on the consummation of the contract. The Middleton Company and J. T. Jones were the two parties who were brought to appellant by appellees. Appellees were employed to procure purchasers for property belonging to appellant or to procure parties who would exchange other property for the property of appellant. Appellees procured such parties. Appellant entered into contracts with these parties, and made an exchange of properties. Judgment was rendered for appellees for $800 with interest at 6 per cent. per annum from May 13, 1929. The evidence sustains the verdict and judgment.

The general demurrer to the petition was properly overruled. The petition alleged a good cause of action. The description of the property to be exchanged may have been vague, as a description in a conveyance of land, although it was a description capable of being made certain, and therefore sufficient even in a deed, as it gave the fractional portion of lot 3, block 34, in Smithville, Bastrop county, as the description.

The second proposition is without merit. It is based on a stipulation in the contract of Spring and Middleton that the title to the property to be exchanged should be marketable. The proposition is based on that stipulation, and not on defects in Middleton's title. The finding of the jury was that appellant would pay appellees for their services, and that such promise did not depend on a consummation of the exchange of properties. The existence of the mortgage on the Middleton property is set out in the contract and satisfactory arrangements made between the parties as to the extinguishment of the same. The abstract of the title to Middleton's land does not appear in the record. Appellant, after contracting with Middleton, made a contract with J. T. Jones whereby he was to convey to Jones the Middleton land, and in the contract between Jones and Spring the latter agreed to pay $800 to A. R. Graves, who was acting for appellees. Nothing was said about consummation of the exchange, but the following unconditional agreement was made by appellant, mentioned as party of the second part: "The party of the second part agrees to pay A. R. Graves, his agent, eight hundred dollars as commission in this transaction on value of property exchanged, and the Middleton transaction, which also includes all commission due Burt Land Company." That agreement was made with full knowledge of a written opinion by Mr. Claude J. Carter as to the Middleton title, which had been furnished him. He had not rejected the contract with Middleton after receiving it, but proceeded to act under the contract, and contracted with J. T. Jones six days after the opinion

was given. He had no more consummated the exchange with Middleton at that time than he has now, and yet at that time he acknowledged and promised to pay $800 as commission. That agreement binds him, consummation or no consummation. The case of Duniven v. Turner (Tex. Civ. App.) 259 S. W. 267, is not in point, because it was agreed in that case that the broker should receive no fee, unless the trade was consummated. Appellant must have deemed the exchange of properties consummated, because he contracted against all responsibility for the Middleton properties, and stated that Jones is "to look to W. H. Middleton for title to the Smithville property." The deal was consummated as to Middleton so far as appellant was concerned.

The decision of this case must rest on the language used by Spring in his promise to pay the $800 and not on the language of Graves in an instrument executed by him to another party. Appellant had no conditions in his promise to pay, but it was merely an express agreement.

The judgment is affirmed.