## JOHN J. RUNCK v. W. F. DIMMICK ET UX.

### Decided June 3, 1908.

**1.—Broker—Commissions—Contract of Sale Construed.**

In an action by a land agent for commission upon a sale of land, contract of sale considered, and held to constitute only an option on the part of the buyer either to consummate the purchase or forfeit the earnest money, and the buyer having elected to forfeit the earnest money, the agent was not entitled to commissions.

**2.—Same—Pleading—General Denial—Evidence.**

In an action by a land agent for commissions on an alleged sale of land, it was permissible for the defendant under a general denial to prove by the plaintiff that no sale of the land was ever in fact consummated.

**3.—Same—Insufficient Evidence.**

The mere fact that a land agent drew up a contract of sale and witnessed the same is insufficient to prove that he was instrumental in making the sale.

Appeal from the County Court of Nueces County. Tried below before Hon. Walter F. Timon.

*F. H. Booth,* for appellant.

*S. N. Dorsett* and *John A. Pope,* for appellees.

REESE, ASSOCIATE JUSTICE.—This is a suit by John J. Runck against W. F. Dimmick and wife to recover $400 alleged to be due under a contract on the part of Dimmick and wife to pay Runck five percent commission to sell their tract of land for $8,000. The case was tried without a jury and judgment was for defendants, from which plaintiff appeals.

We find in the record what is certified to be a statement of facts and conclusions of law signed only by the County Judge. In company

with it and a part of it are the court's conclusions of law. As the court was requested to file conclusions of law and fact, we are somewhat at a loss to denominate this paper. No other statement of facts appears in the record.

It was shown that appellees, Dimmick and wife, employed Runck to sell their small tract of land near Corpus Christi at the price of $8,000, and agreed to give him as commissions five percent of the purchase price. The only evidence to show that appellant had earned and was entitled to the commissions was a contract executed by appellees and one Mc-Williams, which was introduced in evidence by appellant and which was drawn up and witnessed by him. We copy from appellant's brief under his fourteenth assignment of error as follows:

"This agreement entered into by and between W. F. Dimmick and wife, as party of the first part, and W. J. McWilliams, as party of the second part, witnesseth as follows:

"Party of the first part, for the consideration of $8,000 as purchase price by the party of the second part, the payment to be as follows: $400 in hand paid to party of the first part (check) as earnest money and part payment, and $3,600 cash within thirty days of above date, together with three notes, one of $1,200, due 1 year from above date, and the other two notes of $1,400 each, one due 2 years from above date, and third note 3 years from above date, all notes payable on or before date with interest at 8 percent, payable annually.

"Party of first part agrees for the above considerations to convey and deliver, within thirty days of above date, 80 acres of land in Hoffman tract in sections G and L (now occupied by said first parties), together with clear title and abstract to date, and with above property include implements and stock as per bill of sale attached to this contract, also purchaser of said property is to receive one-third of the present crop of cabbage to be marketed and delivered on market, also to give peaceable possession to above property upon the consummation of this deal within thirty days of above date.

"Party of second part agrees to comply with the above conditions within thirty days or forfeit earnest money.

"Both parties agree to comply with the above conditions and clear this transaction through the Corpus Christi National Bank of Corpus Christi, Texas."

The $400 mentioned as earnest money was by a check deposited in the Corpus Christi National Bank. It was shown that there had been in fact no sale made.

The trial court found, as a conclusion of law, that the contract was non-enforceable against McWilliams, a mere option under which he had the right either to take the land or forfeit the earnest money, and that therefore appellant was not entitled to recover.

In this we think there was no error. This is not a case where, after the parties have mutually stipulated the seller to sell and the buyer to take the land upon the terms agreed upon, it is further stipulated that a certain sum shall be paid by the buyer, in case he fails to perform, as a penalty for such failure, nor, indeed, a case where, after agreeing to buy, the buyer stipulates for the payment of an agreed sum as liquidated damages, in case he fails to buy. (See note to Lunney v. Healey,

44 L. R. A., 593; Gilder v. Davis, 20 L. R. A., 398; Leete v. Norton, 43 Conn., 219; Koch v. Streuter, 2 L. R. A., N. S. 210; Ward v. Cobb, 12 Am. St. Rep., 587.)

In this case there is no agreement on the part of McWilliams to take and pay for the land. There is a positive and unconditional agreement of appellees to sell, but McWilliams, in the very language of the contract, only agrees that "he will comply with the above conditions within thirty days or forfeit the earnest money." It is true, there is, immediately following, the further stipulation that, "Both parties agree to comply with the above conditions and clear this transaction through the Corpus Christi National Bank," which means, so far as McWilliams is concerned, that he will do what he has agreed to do, that is, either take the land or forfeit the $400 paid by the check. We think it clear that McWilliams could not, under the contract, have been compelled to pay for the land. It was his evident purpose not to bind himself in an unconditional contract to do so. This is as far as he was willing to go. (Hoskins v. Dougherty, 29 Texas Civ. App., 318; Gunn v. Bank of California, 99 Cal., 349; Kimberly v. Henderson, 29 Md., 512; Simonson v. Kissick, 4 Daly, 143; Condict v. Cowdrey, 139 N. Y., 280; Aigler v. Carpenter Place Land Co., 51 Kans., 718.)

It may be freely conceded that an actual sale is not necessary to entitle the agent to his commission unless the contract expressly so stipulates, and that it is only necessary that the agent find a person able, ready and willing to buy on the seller's terms. The only evidence of McWilliams' readiness and willingness to buy is the contract, which does not show a willingness to buy, but only a willingness either to buy or lose the $400 put up as earnest money, and an unwillingness to bind himself further.

There was no error in allowing appellee to prove, by testimony of appellant, that there had been in fact no sale made, as set out in the first assignment of error.

Complaint has been made by appellant that the court's statement of facts does not fully express the terms of the contract between appellees and McWilliams. We have given him, in this opinion, the benefit of the terms of the contract as expressed in the written instrument, which we find in the record as a part of the assignments of error, and which differs in no material particular from the court's statement.

For another reason the judgment should be affirmed. We do not find in the record any evidence to sustain in the allegations of the petition that appellant procured the execution of the contract, or was instrumental therein. The only connection he had therewith, so far as is shown by the evidence in the record, was to draw up the instrument and to sign the same as a witness. Appellant testified that "defendants had not paid him his commission due him." This evidence was not sufficient to show that appellant had procured the making of the contract, or that he was entitled to the commissions alleged to be due him.

We have carefully examined all the assignments of error. None of them present any grounds for reversing the judgment and they are severally overruled, and the judgment affirmed.

*Affirmed.*