CRUM v. SLADE & BASSETT.

(Court of Civil Appeals of Texas. Amarillo. Aug. 3, 1912.)

1. BROKERS (§ 54*)—COMMISSION—RIGHT TO COMMISSION.

To entitle a broker to recover a commission for the sale of land, he must have found a purchaser willing to purchase the land absolutely.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75-81; Dec. Dig. § 54.*]

2. BROKERS (§ 52*)—COMMISSIONS — SUFFICIENCY OF EVIDENCE—OPTION.

Plaintiffs, as brokers, procured a purchaser who entered into a contract with defendant, and paid $2,000 as part of the cash payment, to be forfeited in the event of his failure or refusal to complete the contract, which at plaintiffs' request stipulated that in the event the purchaser forfeited the money paid, and the contract thereby was at an end, the defendant should retain $1,500, and plaintiff $500. *Held*, that the contract procured was not a contract of purchase absolutely, but gave the purchaser the option to complete it or to forfeit the pay-

ment, so that the plaintiffs were not entitled to a commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 73; Dec. Dig. § 52.*]

3. APPEAL AND ERROR (§ 172*) — PRESENTATION OF GROUNDS—PLEADING.

A claim not pleaded or asserted by plaintiff below cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1070–1078; Dec. Dig. § 172.*]

4. PLEADING (§ 228*)—SPECIAL EXCEPTIONS.

A petition alleged an agreement between plaintiffs and defendant that, if plaintiffs would procure a purchaser able and willing to purchase defendant's land, defendant would pay a commission of 5 per cent. when the purchaser agreed to make his cash payment for the land, that plaintiffs procured a purchaser who entered into a contract with defendant and paid $2,000 in cash, to be forfeited if he failed or refused to complete the contract, and the contract introduced by plaintiffs showed an agreement that, in the event of forfeiture, defendant was to retain $1,500 and plaintiffs $500; the answer set up the clause dividing the forfeited money and the fact that the purchaser had refused to complete the contract, and alleged that plaintiff could only recover the $500. *Held* that, in the absence of a special exception as to whether it was necessary for defendant to set out the terms of the contract, an exception to the answer on the ground that it was immaterial and irrelevant to the issues was properly overruled.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

Error from District Court, Castro County; L. S. Kinder, Judge.

Action by Slade & Bassett against J. L. Crum. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Carl Gilliland, of Hereford, and Martin & Zimmermann, of Tulia, for plaintiff in error. Knight & Slaton, of Hereford, for defendants in error.

HUFF, C. J. The defendants in error, Slade & Bassett, brought suit in the district court of Castro county against plaintiff in error, J. L. Crum, for commissions alleged to be due them as land agents. By petition the defendants in error allege in part: "It was agreed and understood by and between the plaintiffs and defendant that if the plaintiffs should procure for the defendant a purchaser who was able and willing to purchase said tracts of land at the price fixed thereon by defendant, which was $11 per acre, that the defendant should pay to the plaintiffs a commission of 5 per cent. in cash on the total purchase price of said land, which was to be due and payable at the time the purchaser agreed to make his cash payment for said land. Plaintiffs further aver that thereafter, on or about the 11th day of September, 1906, they procured a purchaser for said land in the person of one J. W. Crudgington of Amarillo, Potter county, Tex., with whom defendant entered into a written contract of sale, by the terms of which, among other things, the said Crudgington agreed to purchase, and the said

Crum agreed to sell, said land at and for the price of $11 per acre, and on the terms and conditions then and there agreed on by the parties to the said written contract to make the cash payment on or before December 10, 1906." Mr. Bassett, who took a list of Crum's land, testified that at the time he entered into a contract with Crum for Slade & Bassett "I told Mr. Crum, if he would list the land with me, I would sell it for him. * * * Crum told me that, if I could sell the seven sections for $11 per acre, he would pay me 5 per cent. on that amount as my commission for selling it." On cross-examination he testified: "In the conversation I had with Crum in the First National Bank, he told me that he would give me 5 per cent. commission if I sold the land, and (did?) not tell me that he would give a five per cent. commission if I found a purchaser ready, willing, and able to purchase, or a person who would make a contract to purchase the land." Crum testified: "I told Mr. Bassett that, if he would sell my land, I would pay him for it. I did not tell him how much." The defendants in error introduced the written contract between Crum and Crudgington, dated the 11th day of September, 1906. The instrument is sufficient to evidence a contract of sale of the seven sections of land at the price of $11 per acre, unless the following clause makes it an option: "The buyer (Crudgington) has this day paid to the seller (Crum) the sum of $2,000 as part of the cash payment, to be forfeited to the seller in the event the buyer upon approval of the title to said lands, after being furnished abstracts and deeds, as aforesaid, fails or refuses to perform his part of this contract, but to be returned to the buyer in the event the title to the land should be found defective, and he should be unable to correct such defects. In the event the buyer forfeits the $2,000 paid and the contract is thereby at an end, that said sum is to be divided between the seller, Slade & Bassett, and the seller's agents, in the following portions: The seller retaining $1,500 and paying the said Slade & Bassett the sum of $500. Executed in duplicate the day and date first above written." The contract was signed by both J. L. Crum and J. W. Crudgington. Bassett testified that he was present when the contract was signed by Crum and Crudgington and that at his request the last clause, with reference to dividing the forfeit money, was placed in the contract. Crudgington testified: "There was some discussion at the time we were drawing the contract as to what disposition would be made of the $2,000 in case I forfeited it. Bassett & Crum did not agree, and finally left it to three other parties—myself and two other parties—to arbitrate. We decided that, in case of a forfeiture, $500 should go to Bassett and $1,500 to Crum. This sum was agreed to by

them and put in the contract." A trial resulted in verdict and judgment in favor of defendants in error in the sum of $2,464.

The authorities collated by the Supreme Court in the case of Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847, establish that a broker is entitled to his commission when he has procured a contract upon which the vendor can enforce specific performance, and, although the contract has a stipulation for the payment of a fixed sum of money as liquidated damages, will not affect the contract for the sale of land, but that the seller can enforce specific performance. But upon rehearing it was held, in that case, the contract was not so enforceable because the $1,000 put up as a forfeit "shall be paid to the seller by said trustee and accepted by said seller as liquidated damages, and for such injury and damages as the seller may suffer by reason of the nonperformance of this contract on the part of the purchaser." Moss v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847.

[1, 2] That court then held that, before the agent could recover his commission, he must have found a purchaser who was willing to purchase the land absolutely. In this case Slade & Bassett procured Crudgington, who was willing and who did enter into a contract with Crum for the purchase of the land; but did he contract to purchase it absolutely? Crudgington paid $2,000 as part of the cash payment to be forfeited in the event of his failure or refusal to perform his part of the contract. If the contract had stopped at this point, as did the ones in the cases of Heath v. Huffhines, 152 S. W. 176, Griffith v. Bradford, 138 S. W. 1072, and Redwine v. Hudman, 133 S. W. 426, the solution of the question could be easily resolved in favor of the defendants in error's contention. But the contract here in question further stipulated, "In the event the buyer (Crudgington) forfeits the $2000.00 paid and the contract thereby is at an end," etc. What is the contract? Was Crudgington to take the land or pay the money? If he could do either one as he might choose, then he had the right of election, and, if he forfeited the money, that ended the contract, and no sale was effected by the agent, and hence no commission earned. If the contract had provided, in the event the buyer forfeits the $2,000 paid, this contract is thereby at an end, there could be no doubt as to its meaning, but the construction of the clause renders it somewhat doubtful. We have reached the conclusion that it was the intention of the parties to end the contract when Crudgington elected to forfeit the money, and, until he exercised his option to take the land, there was no sale. This was evidently the understanding of the parties at the time of the contract, for defendants in error, at Bassett's request, entered into an agreement by means of an arbitration by which defendants in error and plaintiff in error agreed to the division of the forfeit money. The parties evidently understood that, if Crudgington elected to forfeit the money, defendants in error would not be entitled to the full commission, and agreed to settle the compensation of the agents by giving them $500 of the sum. The parties hereto appear to have themselves treated the contract as one of option. We see no reason why we should not interpret it as they did at the time. Gilder v. Davis, 137 N. Y. 504, 33 N. E. 599, 20 L. R. A. 398. We regard the following cases as supporting our construction of the contract: Rankin v. Grist, 129 S. W. 1147; Runck v. Dimmick, 51 Tex. Civ. App. 214, 111 S. W. 779; Burch v. Hester, 109 S. W. 399; Wilson v. Ellis, 106 S. W. 1152. It is urged that the last clause in the contract is really no part of the contract between the buyer and seller, and that it is only a stipulation in the interest of the agents that the commission should be paid defendants in error in case of forfeiture. The contract is made between Crum and Crudgington. It is intended to evidence their agreement. The instrument recognized that Crudgington can forfeit the payment, and that the contract is thereby at an end. Evidently, the agents, realizing in such event that they would receive nothing under their contract with plaintiff in error for commission, called in three men to say what would be just in such event, and it was decided they were entitled to one-fourth of the forfeited sum. The defendants in error not only agreed to that clause, but urged that it be placed therein. True, it is to their benefit, but it appears to be on the ground that they realized that they had not consummated a sale if Crudgington decided to forfeit the money, and they then made the agreement to protect themselves.

The court, under the pleadings and evidence, should have instructed a verdict for the plaintiff in error. There is no evidence in the record that Crum and Crudgington ever finally consummated the contract or on the point as to whether the $2,000 was forfeited by Crudgington.

[3] It is argued that the charge should not have been given because under the contract they were entitled to the $500 agreed upon. This was not pleaded or asked for in the pleadings of defendants in error, and therefore cannot be regarded in this case.

[4] The plaintiff in error set up in his answer the clause of the contract dividing the forfeit money, and alleged the agreement of the defendants in error and himself to divide the same, and that the defendants in error were to receive $500 as compensation for their services in case Crudgington forfeited the sum of $2,000 paid on the contract, and further set up the fact that Crudgington had refused to take the land or accept the deeds which plaintiff in error tendered, and that he had thereby forfeited said sum, and by reason of such forfeiture

the agreement set out defendants in error could only recover the $500 agreed upon. The defendants in error excepted to that portion of the answer, on the ground that the same was immaterial and irrelevant to any issue between plaintiffs and defendant, and presented no defense to plaintiffs' cause of action. The court sustained the exception, to which ruling plaintiff in error duly assigns error. Without discussing whether it was necessary for the plaintiff in error to set out the terms of the contract in order to show an option contract; we are inclined to think, in the absence of a special exception raising the point and under the condition of the pleadings and issues as made, the exception to the pleading should have been overruled. Under our construction of the contract, the issue presented by that portion of the answer was a proper one for the consideration of the jury. Heath v. Huffhines, 152 S. W. 176. It follows, also, that the offered testimony of Crudgington and plaintiff in error excluded by the court set up by assignments Nos. 4 and 5 should have been admitted, and the court erred in excluding the testimony. As the contract offered did not show a consummated sale, and, as we construe it, left it to the election of Crudgington whether he would take the land or forfeit the payment, the testimony was admissible on the question of the plaintiff in error's liability, as set up by defendants in error in their petition.

For the errors above pointed out, the cause is reversed and remanded.