9114

GRUBBS v. ATLANTIC COAST LINE R. R. CO.

(85 S. E. 405.)

CARRIERS OF GOODS—BILLS OF LADING—STIPULATION AS TO ADJUSTMENT OF AMOUNT OF LOSS OR DAMAGE.

A stipulation in a bill of lading that the amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at time and place of shipment, establishes the rule for determining the value of the property in case of loss.

Before HON. W. B. GRUBER, special Judge, Barnwell, December, 1913. Reversed.

Action by J. B. Grubbs against Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals.

*Messrs. Harley & Best* and *L. W. McLemore,* for appellant, cite: 79 S. C. 159; 26 S. C. 268; 75 S. C. 58; 76 S. C. 342; 75 S. W. 782; 39 S. W. 958; 6 Cyc. 401. *Distinguishes:* 39 S. C. 55.

*Mr. Thomas M. Boulware,* for appellant, cites: 75 S. C. 20; 84 S. C. 343. *No consideration for change of common law rule by special contract:* 6 Cyc. 398, 400 and 401; 39 S. C. 55; 81 S. C. 466. *Estoppel:* 72 S. C. 395; 6 Cyc. 400. *Stipulation unreasonable:* 39 S. C. 55; 75 S. C. 20.

May 27, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This action, which was commenced in a magistrate's Court, is to recover the value of certain goods lost in transit, and for the statutory penalty.

Two sacks of rice were shipped from Charleston, S. C., to Hilda, S. C. Before the sacks arrived at Hilda 27 pounds of rice were lost from one of them. The plaintiff

filed a statement with the defendant, claiming that the value of the lost rice was $1.45. The defendant refused payment. The value of the lost goods, when the shipment arrived at Hilda, was $1.45, but this was greater than the value thereof, at Charleston, when they were shipped, even including the freight charges. The bill of lading under which the goods were shipped contained the following stipulation:

"The amount of any loss or damage for which any carrier is liable, shall be computed on the basis of the value of the property (being the *bona fide* invoice price, if any, to the consignee, including the freight charges if prepaid), at the place and time of shipment under this bill of lading, unless a lower value has been represented in writing by the shipper, or has been agreed upon, or is determined by the classification of traffics upon which the rate is based, in any of which events, such lower value shall be the maximum amount to govern such computation, whether or not such loss or damage occurs from negligence."

The magistrate rendered judgment in favor of the plaintiff for $1.45, the amount claimed, and $50.00 penalty, whereupon the defendant appealed to the Circuit Court, which affirmed the magistrate's judgment, for the following reasons:

"Under the authorities in this State the amount of loss is ascertained by showing the value of the goods at the point of destination. This may be varied by special contract, where the contract is based upon a valuable consideration. In the case at bar, there is no evidence that the provision in the bill of lading, limiting the amount of loss to the invoice price, was based upon any consideration whatsoever; hence, under the authority in the case of *Johnstone* v. *Railroad Company*, 39 S. C. 55, 17 S. E. 512, and the other decisions by our Supreme Court, the provisions in the bill of lading limiting the liability in this case must be disregarded, and the judgment of the magistrate's Court affirmed."

The practical question raised by the exceptions is whether the Circuit Court erred in ruling that the amount of loss was to be determined at the point of destination, or at the place of shipment, as stipulated in the bill of lading.

The bill of lading does not show that there was an agreement that, in consideration of a reduced rate of shipment, the amount of recovery in case of loss, would be limited to a specified amount.

On the contrary, the language of the bill of lading negatives any such agreement. The provision in the bill of lading was merely intended to establish a rule for determining the value of property in case of loss, irrespective of the fact whether it was greater at the point of shipment or destination, which could not be foreseen on account of the fluctuation in prices. It was for this reason that such a rule was upheld in *Matheson* v. *Ry.,* 79 S. C. 155, 60 S. E. 437, which is conclusive of this case.

It will thus be seen that the principle announced in the case of *Johnstone* v. *Ry.,* 39 S. C. 55, 17 S. E. 572, is not applicable.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded for new trial, unless the plaintiff shall remit upon the record, the amount of the penalty, and all above the value of the lost goods at Charleston when shipped (being the *bona fide* price, including the freight if paid), within ten days after receiving notice that the remittitur has been filed.