LOUIS MEYER, Appellant, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, Respondent.

First Department, January 24, 1919.

Pleading — separate defense to complaint stating two causes of action — carrier — action to recover demurrage charges and loss on goods due to market fluctuation — demurrer to separate defense.

Where a complaint contains two causes of action a separate defense, not stated to be a defense to either cause of action separately, but as a defense to the complaint itself, must, on demurrer, be judged as a defense to both causes of action alleged by the plaintiff.

Where one cause of action alleged in a complaint seeks to recover storage and demurrage charges exacted from the plaintiff by the defendant, a carrier of goods, it is no defense to set out a clause in the bill of lading which in effect provided that in all cases of loss of any portion or the whole of said goods the claim shall be restricted to their cash value at the original port of shipment (which was in Japan) at the time of shipment, there being no allegation of the cash value in Japan, or its relation to the amount sued for. This because the cause of action for the demurrage charges cannot be affected by the value of the goods in Japan and the bill of lading had no reference whatever to such damages.

To recover such demurrage charges the plaintiff need not allege that the amount exacted is in excess of the amount due under the rules filed with the Interstate Commerce Commission, for the action is not for excessive demurrage, but for all demurrage improperly exacted by reason of the failure of the defendant to notify the plaintiff of the arrival of the goods.

Nor is the separate defense aforesaid good as an answer to a second cause of action seeking to recover the loss caused by market fluctuations owing to the failure of the defendant to make timely delivery, etc., no physical

injury to the goods being claimed, for the clause in the bill of lading refers only to the loss of goods in part or in whole and has no relation to the damage claimed by the plaintiff.

APPEAL by the plaintiff, Louis Meyer, from an order of the Supreme Court in favor of the defendant, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of July, 1918, overruling his demurrer to a separate defense contained in paragraphs 6 and 7 of the answer.

*Charles Weishaupt* of counsel [*Maurice J. Katz* with him on the brief], for the appellant.

*William W. Robison* of counsel [*De Forest Brothers*, attorneys], for the respondent.

SMITH, J.:

The complaint alleges the shipment of 1,000 bags, of 100 pounds each, of Japanese long-speckled beans, from Otaru, Japan, to New York city; the assignment of the bill of lading to plaintiff while the goods were in transit; that the goods came into the possession of the defendant as its final carrier on September 4, 1917, and arrived in Jersey City on September twenty-fifth, in condition for lighterage to New York city; that plaintiff, in the meantime, on September eighteenth and twentieth, had notified defendant of his title and exhibited the bill of lading to it, and that defendant undertook to notify plaintiff of the arrival of the merchandise, but unreasonably neglected to give such notice until November fifth, a period of forty-one days after the arrival of the goods and, in the interval, in response to numerous inquiries of the plaintiff, the defendant stated that it did not know where 920 bags of the beans were, and neglected unreasonably to lighter or transport them to New York for ten days more.

Two causes of action are asserted: *First*, for the recovery of $115.56, exacted from the plaintiff against his protest as a condition for the delivery of the 920 bags, under a claim for alleged storage and demurrage charges accruing during the period of unwarranted delay. *Second*, for the recovery of $2,600.06, representing the loss on the 920 bags by reason of market fluctuations, to wit, the loss of the favorable market

prevailing at the time the notice of arrival should have been given and for a time thereafter. No physical injury to or deterioration in the condition of the merchandise is claimed.

The separate defense demurred to is set up as a defense to the plaintiff's complaint. It contains no denials, but alleges that the said beans were transported under a bill of lading, binding on all parties, containing the following clause: " In all cases of loss of any portion or the whole of said goods or merchandise, the amount of claim shall be restricted to the cash value of such goods or merchandise at the original port of shipment, at the time of shipment, and that all claims for either partial or total loss or damage shall be ascertained and adjusted upon this basis of value." There is no allegation as to what the cash value in Japan was or its relation to the amount sued for. The court below has overruled the demurrer to this defense.

This is not alleged as a defense to either of the causes of action separately, but is alleged as a defense to the complaint. Not being alleged then as a partial defense, its sufficiency must be judged as a defense to both causes of action alleged. (Code Civ. Proc. § 508.)

It is difficult to see how the defense alleged can be claimed to be a defense to the first cause of action stated in the complaint. That cause of action is for demurrage improperly exacted under duress of goods, while the defendant negligently held the goods in its yard in Jersey City without notice to the plaintiff of their arrival, although duly informed of the plaintiff's ownership thereof. If the cause of action be proven as alleged, it certainly cannot be affected by the value of the goods in Japan, the place of shipment, and this provision in the bill of lading can have no reference whatever to such damages, so that the defense is insufficient as a defense to the first cause of action and, therefore, the demurrer should have been sustained thereto, because it was not alleged as specifically a defense to the second cause of action. The defendant's answer, however, to this proposition is that the allegations contained in the first cause of action are insufficient because it is said that to recover demurrage it must be alleged that the demurrage has been exacted in excess of the amount due under the rules and tariffs filed with the Interstate Com-

merce Commission. But the cause of action is not for an excessive demurrage charge, but for all of the demurrage exacted as improperly exacted, because of the failure of the defendant to notify plaintiff of the arrival of the goods.

Nor is the defense good as an answer to the second cause of action. A reading of this clause in the bill of lading clearly indicates that the loss there referred to is as is stated in the clause itself, the " loss of any portion or the whole of said goods or merchandise." In this case there has been no loss of the goods, either of a portion or of the whole thereof, nor has there been any damage to the goods. The right of action is for loss to the shipper by failure of the carrier to make prompt delivery of the goods after arrival. The provision in the bill of lading that the amount of the claim should be restricted to the cash value of such goods or merchandise at the original port of shipment, clearly indicates that the loss referred to in the bill of lading refers to a loss of the goods themselves, or a portion thereof. The case relied upon by the respondent of *Gulf, Colorado, etc., Railway* v. *Texas Packing Co.* (244 U. S. 31), holds no other rule. In that case the damage was to the goods themselves and not damage accruing to the consignee by reason of non-delivery after the arrival of the goods at the point of destination. Moreover, the bill of lading in that case contained an entirely different stipulation to the effect that the amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading. The wording of that bill of lading is much broader than the wording of the bill of lading in question, nor was it there held that even that bill of lading covered such a loss as is claimed by the plaintiff in his second cause of action here.

The order overruling the demurrer should, therefore, be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.