AMERICAN LOCOMOTIVE COMPANY, Plaintiff, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

First Department, January 16, 1920.

Carrier — uniform bill of lading exempting carrier from liability for delay — when carrier not liable for increased expense of ocean transportation after accident to goods in transit.

Where parts of locomotives were delivered to the defendant, a carrier, to be loaded on ships for export to a foreign country, under a uniform bill of lading which required the payment of a higher rate than that paid by the shipper if the carrier were to be subject to full liability as provided by common law and by statute and the bill of lading expressly provided that the carrier was not bound to transport the property in time for any particular market, or otherwise than with reasonable dispatch, unless by specific agreement indorsed thereon, the carrier is not liable to the shipper for an increase in the rate of freight for ocean transportation which took place between the time the goods were injured in transit and were repaired by the shipper through mutual agreement with the carrier and again shipped to be loaded for foreign transportation, for such liability had been released by the terms of the bill of lading.

While in some jurisdictions a carrier cannot relieve itself from negligence even by giving a consideration, that is not the law of this State.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Israel A. Washburne* of counsel [*Harrington, Bigham & Englar*, attorneys], for the plaintiff.

*William Mann* of counsel [*Alex. S. Lyman*, attorney], for the defendant.

LAUGHLIN, J.:

On the 19th of November, 1913, the plaintiff shipped from its plant at Schenectady, N. Y., over the line of the defendant's predecessor, seven carloads consisting of thirty-six packages containing the parts of two complete locomotives, consigned to its own order at New York city with directions to notify it there.   A bill of lading was issued for each carload containing notations showing that the freight was intended for export to the Iddo Wharf at Lagos, South Africa.   The plaintiff paid the freight charges to New York and lighterage charges for delivery alongside of vessel at New York harbor for export.   The freight and lighterage charges thus paid by the plaintiff were at the rates established by the tariffs and classifications of the carrier duly published, posted and filed with the Interstate Commerce Commission *for shipments made subject to all of the terms and conditions of the uniform bill of lading*, and it was mutually agreed that the shipments should be made subject to said terms and conditions.   The rules and regulations duly prescribed by the carrier provided that where freight was not shipped under the uniform bill of lading, but subject to the carrier's full liability, limited only as provided by common law and by statute, the transportation charges would be ten per cent higher, subject to a minimum increase of one cent per 100 pounds, than the rate paid by the plaintiff.   The cars while in transit, the day after the shipments were made, were derailed near Coxsackie station and all of the freight was seriously damaged.   It was stipulated that the cause of the derailment was one which rendered the carrier liable to the plaintiff.   Plaintiff's plant at Schenectady was the nearest and most inexpensive place at which repairs and replacements, rendered necessary by the derailment, could be made.   The plaintiff and the carrier made a special agreement, without prejudice to any right either might have against the other, that the freight should be

returned to the plaintiff's plant for repairs and replacements and should then be reshipped according to the directions originally given, and that the carrier would pay the cost of such repairs and replacements and that was done. The work rendered necessary by the derailment necessarily consumed a period of sixty days, at the expiration of which time the freight was again delivered to the carrier, and on the plaintiff's order it was delivered alongside a steamer for shipment and shipped as originally intended. Between the time when the freight should have been delivered for export in New York under the original shipment and the time when it was delivered there, the rate for the ocean transportation thereof to Lagos had increased by the sum of $1,361.22.

The sole point presented for decision is whether the plaintiff is entitled to recover the amount of the increase in the rate of freight for ocean transportation. The submission contains no stipulation with respect to any change in the *market value* of the freight either at the point of shipment or at the port of New York or at the port to which the freight was intended for export either at the time the shipment was made or when it should have been delivered in New York or when it was delivered there or when it would have reached the port in South Africa had it not been for the delay or when it actually reached that port. It is conceded that the defendant assumed the liabilities of its predecessor.

The defendant claims that it is exempted by the bills of lading from liability for *mere delay* in transportation and that, even if liable therefor, the increase in the freight rate for ocean transportation is not the measure of its liability. Plaintiff claims that the provisions of the bill of lading limiting the liability of the carrier do not embrace unreasonable delay in transportation and that the market value of the freight when finally delivered at New York for export was less by the amount of the increased freight than its market value would have been if delivered without unreasonable delay and that likewise its market value at the ultimate point of destination when delivered was less by that amount than it would have been had it been received there in due course of transportation.

The contentions of the plaintiff with respect to the depreciation in the *market value* of the freight cannot be sustained on

this submission for they involve inferences of fact which may not be made on a submission of a controversy. A carrier's liability at common law for unreasonable delay in transportation is the difference between the market value of the freight at the time and place when delivered and its market value at the time and place when it should have been delivered. (*Ward* v. *New York Central R. R. Co.*, 47 .N. Y. 29.) There being no stipulation with respect to the market value of the freight at any time or place, it is unnecessary to decide whether the liability at common law would depend on the market value here or in South Africa; but, it may be observed, that since these were not through bills of lading, it would seem that the liability would be determinable by the market value at New York, which was the end of the transportation by the carrier according to the bills of lading which it issued. (See *Frey* v. *N. Y. C. & H. R. R. R. Co.*, 114 App. Div. 747.) I am of opinion, therefore, that the plaintiff cannot recover on the submission even if we should hold that the carrier's liability was not limited by the bills of lading.

I am also of opinion that the carrier would not be liable under the bills of lading for damages for a depreciation in market value resulting from mere delay in transportation without injury to the freight or for the increased cost of ocean transportation. Here the carrier concededly has reimbursed the shipper for all injury to the freight. A provision in a bill of lading limiting the liability of a carrier from its full liability at common law or by statute without consideration to the shipper by way of a reduced rate of transportation or otherwise would be unreasonable and void, but here there was a consideration therefor running to the shipper in that it received a material reduction in the rate of transportation which lawfully might have been and would have been charged but for the agreement that the shipments were to be made according to the obligations of the carrier contained in the uniform bill of lading and that affords a sufficient consideration for the limitation of the common-law liability. (*Burke* v. *Union Pacific R. R. Co.*, 226 N. Y. 534; *Grossman Mfg. Co., Inc.*, v. *N. Y. C. R. R. Co.*, 181 App. Div. 764; *Shaffer & Co.* v. *C., R. I. & P. R. R. Co.*, 21 I. C. C. Rep. 8; *St. Louis, I. M. & S. R. R. Co.* v. *Coolidge*, 73 Ark. 112; *K. C. & M.*

*R. R. Co.* v. *Oakley*, 115 Ark. 20; 170 S. W. Rep. 565; *Southern Ry. Co.* v. *Cofer*, 149 Ala. 565; *Pittsburg, etc., R. Co.* v. *Knox*, 177 Ind. 344; *New York, P. & N. R. R.* v. *Produce Exchange*, 122 Md. 215; *Produce Reporter Co.* v. *Adams Express Co.*, 176 Ill. App. 74; *L. & N. R. R. Co.* v. *Oden*, 80 Ala. 38; *Rogan* v. *Wabash R. R. Co.*, 51 Mo. App. 665; *Grubbs* v. *Atlantic Coast Line R. R. Co.*, 101 S. C. 220; 85 S. E. Rep. 405; *Crenshaw* v. *Sou. Pac. Co.*, [Cal.] 181 Pac. Rep. 252; *Olcovitch* v. *Grand Trunk Ry. Co.*, 176 id. 459.) In some jurisdictions it appears to have been held that a carrier cannot relieve itself from liability for *negligence* even by giving as a consideration a reduced rate of transportation (See *Ruppel* v. *Allegheny Valley Ry. Co.*, 167 Penn. St. 166; *Balt. & Ohio Ry. Co.* v. *Oriental Oil Co.*, 51 Tex. Civ. App. 336; 111 S. W. Rep. 779), but in *Burke* v. *Union Pacific R. R. Co.* (*supra*) our Court of Appeals held that it is competent for a carrier to limit its liability *even for negligence* where the shipper receives a consideration therefor. The provisions of the bills of lading in question, under which the carrier claims that it is not liable for mere delay, were as follows:

"Sec. 3. No carrier is bound to transport said property by any particular train or vessel, or in time for any particular market or otherwise than with reasonable dispatch, unless by specific agreement indorsed hereon. Every carrier shall have the right in case of physical necessity to forward said property by any railroad or route between the point of shipment and the point of destination; but if such diversion shall be from a rail to a water route the liability of the carrier shall be the same as though the entire carriage were by rail.

"The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property (being the *bona fide* invoice price, if any, to the consignee, including the freight charges, if prepaid) at the place and time of shipment under this bill of lading, unless a lower value has been represented in writing by the shipper or has been agreed upon or is determined by the classification or tariffs upon which the rate is based, in any of which events such lower value shall be the maximum amount to govern such computation, whether or not such loss or damage occurs from negligence.

" Claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable.

" Any carrier or party liable on account of loss of or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of said property, so far as this shall not avoid the policies or contracts of insurance."

Under a like bill of lading this court held in *Grossman Mfg. Co., Inc.,* v. *N. Y. C. R. R. Co.* (*supra*) that the carrier was released from liability for " consequential damage arising either from its delayed delivery or from an inability to use [the freight] for any period of time because of its damaged condition." Counsel for the plaintiff relies on the decision of this court in *Meyer* v. *Central R. R. Co. of N. J.* (185 App. Div. 812), but there the bill of lading was quite different and the provisions thereof were construed as relating only to loss or damage to the freight and were not deemed broad enough to include damages caused by delayed delivery. In *Gulf, Colorado, etc., Railway* v. *Texas Packing Co.* (244 U. S. 31), where the bill of lading was similar to the one in the case at bar, it was held that the bill of lading limited the liability of the carrier to the difference between the value of the freight, which consisted of dressed poultry, at the time and place of shipment and its value at the time of delivery at a changed place of destination, agreed upon by the shipper and the carrier. In that case, however, the damages evidently were caused by a failure to maintain a proper temperature for the poultry and not by delay in transportation. In *New York & Norfolk R. R.* v. *Peninsula Exchange* (240 U. S. 34), where a shipment of berries had been damaged by delay in transportation and a recovery had been had in the State court of Maryland on the theory that the carrier was liable for damages caused by the delay, although the bill of lading was like those now under consideration, the United States Supreme Court upheld the recovery, as I understand the decision, not on the theory adopted below, but on the

theory that the verdict could be sustained on the ground that the berries as delivered in a damaged condition were worth less by the amount of the verdict than when shipped. There are decisions in other jurisdictions, based on somewhat similar provisions of bills of lading to those now under consideration, holding that the " loss or damage " specified in the bill· of lading does not include loss incident to unreasonable delay in transportation (*Klass Comm. Co.* v. *Wabash R. R. Co.*, 80 Mo. App. 164; *C., R. I. & P. R. R. Co.* v. *Cunningham Comm. Co.*, 127 Ark. 246; 192 S. W. Rep. 211; *Ruppel* v. *Allegheny Valley Ry. Co., supra.* See, also, *Wallingford* v. *A., T. & S. F. R. R. Co.*, 101 Kan. 544; 167 Pac. Rep. 1136); but I think we should adhere to the construction of this clause in the bill of lading which was given to a like clause in *Grossman Mfg. Co., Inc.,* v. *N. Y. C. R. R. Co.* (*supra*) and should hold that the liability of the carrier for mere delay in transportation has been released.

It follows under the submission that the defendant is entitled to judgment, with costs.

CLARKE, P. J., SMITH, MERRELL and PHILBIN, JJ., concur.

Judgment ordered for defendant, with costs. Settle order on notice.