AUSTIN, NICHOLS & CO., INCORPORATED, Plaintiff, *v.* THE CHESAPEAKE AND OHIO RAILWAY COMPANY, Defendant.

Supreme Court, New York Special Term, October, 1922 (Received November, 1922).

Carriers — railroads — unreasonable delay in delivery of goods — damages — sufficiency of complaint.

The ordinary measure of damage applicable to loss due to a carrier's failure to deliver goods with reasonable dispatch and deemed to have been within the contemplation of the parties at the making of the contract as a probable consequence of an unreasonable delay, is the difference in the value of the goods at the time and place they ought to have been delivered and at the time of their actual delivery.

The complaint in an action for damages against a carrier for an unreasonable delay in the delivery of goods need not set forth any facts, apart from the decline in the market value of the goods, showing that plaintiff suffered an actual loss.

If the allegations of the complaint that as a direct consequence of the careless and negligent delay of the defendant in the delivery of certain sugar it was damaged in transit are established, the plaintiff will be entitled to recover not only the difference in the market value of the sugar at the time it was delivered and the time it should have been delivered, but also damages for injuries to the sugar, and a motion to dismiss the complaint on the ground that it does not state a cause of action will be denied, with leave to defendant to serve an answer.

MOTION to dismiss the complaint on the ground that it does not state a cause of action.

*Edwin M. Bohm,* for plaintiff.

*Rearick, Dorr, Travis & Marshall* (*James H. Purdy, Jr.,* and *Stephen Barker,* of counsel), for defendant.

GIEGERICH, J.   The defendant moves to dismiss the complaint and for judgment on the pleadings on the ground that the complaint does not state facts sufficient to constitute a cause of action.   The complaint consists of six alleged causes of action, each involving a separate shipment of sugar having its origin on the railway operated by the defendant, and each shipment being consigned to the plaintiff.   The allegations in each count are identical, with the exception of the difference in dates, figures, amounts and places of shipments, and the following essential allegations are typical of all: That as a common carrier for hire the defendant accepted and received from the plaintiff's consignor certain sugar, the property of the plaintiff,

**566** Austin, Nichols & Co., Inc., *v.* Chesapeake & Ohio R. Co.

Supreme Court, November, 1922. [Vol. 119

" to be cared for and safely carried within a reasonable time then next following by the defendant * * * and * * * to be delivered to said plaintiff safely and within a reasonable time then next following;" that the defendant in consideration of a certain reward promised the plaintiff to carry the sugar safely and within a reasonable time, and issued its bill of lading covering the shipment; that the defendant did not and would not perform its said promises, and carelessly and negligently delayed the carriage and delivery of said sugar to plaintiff for a certain number of days beyond what was a reasonable time then next following for the defendant to carry said sugar and deliver it to the plaintiff, and did not deliver it until a certain day and " thereby carelessly and negligently damaged said sugar in transit;" that the sugar was due to be delivered to the plaintiff at a specified place on a certain day, " and as a direct consequence of the said carelessness and negligence of the said defendant in failing to perform its aforesaid promises the market value of the sugar on the market at, to wit (the place of delivery) depreciated and greatly declined, to wit (so many dollars and cents) per cwt. from what it would have been had said defendant performed its said promises * * *;" that the plaintiff has performed all of the terms of the bill of lading that were to be performed by it and that the carelessness and negligence of the defendant are not excused by any of the terms and conditions of the said bill of lading; that as a direct consequence of the negligence of the defendant the said sugar has been damaged in transit and the plaintiff has been damaged in the sum of so many dollars. The defendant's counsel urges that it is incumbent upon the plaintiff to show by appropriate allegations that it did actually suffer a loss by reason of the delay in the transportation of the goods and that since the complaint contains no allegations of fact tending to show damage to the plaintiff it should be dismissed. Certain statements contained at page 295 of the opinion of the court in *Kent* v. *Hudson River Rail Road Co.*, 22 Barb. 278, and which are to the effect that the injuries must be traced to primal cause, even though there be several intermediate links in the chain of cause and consequence; that if there be no loss there can be no damage, and no action could be sustained, or at most the damages would be merely nominal, are relied on as authority for the point so urged by the defendant. While it is true that the learned justice who wrote in that case used the language relied on and stated the doctrine above mentioned, it would, nevertheless, appear from a reading of the entire opinion that it was expressly held that any loss sustained by the plaintiff by a fall in the market between the times when the sheep should have arrived and when they did arrive

was a proper element of damages, to be taken into account by the jury in connection with other facts and circumstances. In the subsequent case of *Ward* v. *N. Y. Central R. R. Co.*, 47 N. Y. 29, the *Kent* case was cited in support of the rule that where the common carrier negligently omits to transport merchandise within a reasonable time the measure of damages is the difference in its value at the time and place it ought to have been delivered and at the time of its actual delivery. The rule as thus stated is universally recognized as the ordinary measure of general damage applicable to loss due to a carrier's failure to deliver goods with reasonable dispatch (*New York, etc., Railroad Co.* v. *Estill*, 147 U. S. 591; 37 L. ed. 292; *American Locomotive Co.* v. *N. Y. C. R. R. Co.*, 190 App. Div. 372; *Steinberg* v. *Erie Railroad Co.*, 103 Misc. Rep. 573, and citations; 10 C. J. 389; 6 Cyc. 530), and, in the nature of things, such damage is deemed to have been within the contemplation of the parties at the time the contract was made, as a probable consequence of an unreasonable delay. 10 C. J. 309; *Ward* v. *N. Y. Central R. R. Co., supra; Bawer* v. *Barrett*, 171 N. Y. Supp. 322. It would thus appear that the plaintiff was not required to set forth in its complaint any facts, apart from the decline in the market value of the goods, showing that it suffered an actual loss. Even if this view is erroneous the plaintiff would, upon the facts shown by the complaint, be entitled, in any event, to recover nominal damages. 10 C. J. 311. Moreover, the complaint alleges that as a direct consequence of the careless and negligent delay of the defendant in delivering the sugar, it has been damaged in transit, and if such allegations are established upon the trial it will entitle the plaintiff to recover not only the difference in the market value of the sugar at the time it was delivered and at the time it should have been delivered, but it will also entitle the said plaintiff also to recover damages for the injury to the sugar. 10 C. J. 313, 314. The complaint thus appears to state a good cause of action, and the motion should, therefore, be in all respects denied, with ten dollars costs, with leave to the defendant to serve an answer within ten days after service of a copy of the order to be entered hereon, with notice of entry thereof, and upon payment of such costs. Settle order on notice.

Ordered accordingly.