INTERNATIONAL COAL PRODUCTS CORPORATION, Plaintiff, *v.* JAMES F. FARGO, as Treasurer of AMERICAN EXPRESS COMPANY, Defendant.

First Department, December 1, 1922.

Carriers — carrier of goods — goods shipped by express to insure rapid delivery — railroad car, not owned by defendant, broke down in transit — time actually consumed was approximately time required for freight shipment — plaintiff can claim damages only and cannot recover, on theory of money had and received, difference between express charges and freight charges for same shipment — damages not proven.

The plaintiff entered into a contract with defendant for the transportation of a carload of goods by express, with the understanding that the shipment was so made to insure rapid delivery. The defendant did not own the car in which the shipment was made, but said car was the property of the railroad company. In the course of transportation the car broke down and as a result the time consumed for transportation was approximately the same time that would have been consumed if the shipment had been made by freight.

*Held,* that the plaintiff cannot recover, upon the theory of money had and received, the difference between what it paid to the defendant and what it would have paid if the goods had been sent by freight, for the service was fully performed, even though negligently done, and that the only claim the plaintiff can have is one for damages, which is not established.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Hornblower, Miller & Garrison* [*George S. Hornblower* of counsel; *Rene A. Wormser* with him on the brief], for the plaintiff.

*Edward V. Conwell* of counsel, for the defendant.

FINCH, J.:

The plaintiff and defendant entered into a contract for the transportation by the latter of a carload of the plaintiff's product by express, it being the understanding of the parties that the shipment was being sent by express to insure rapid delivery. The defendant did not then own any cars, but depended for them entirely upon the railroads, which fact was not known to the plaintiff. Plaintiff paid to the defendant the regular express charges amounting to $634.55. The shipment went forward in an Erie railroad car under the control of the defendant, but the car broke down and was delayed for seven days for repairs. It is conceded that the only reasons for the delay were defect in the car, repair-shop congestion, and loss of touch by the defendant with the whereabouts of the shipment. The usual time for a shipment by express was forty-eight hours. The usual time for a shipment of the same kind by freight was about seven days and not more than ten days. The freight rates in effect at the time covering a like shipment were $116.38 and a war tax of $3.39.

The plaintiff claims a breach of the contract by the defendant, by reason whereof it is entitled to recover the consideration paid or such part thereof as exceeds the reasonable value of the services rendered, namely, freight services. In other words, plaintiff claims that there is due it from the defendant in equity and good conscience, as upon the theory of money had and received, some portion of the consideration paid, and plaintiff seeks to measure this by the difference between what it paid and what it would have paid if the goods had been sent by freight. The service, however, was fully performed, even though negligently done. Moreover, this express service involves various elements differing from a carriage by freight, and thus each service was a service separate and distinct in itself. Under such circumstances, plaintiff's only claim is by way of damages. (*American Locomotive Co.* v. *N. Y. C. R. R. Co.,* 190 App. Div. 372; *Towers* v. *Barrett,* 99 Eng. Rep. [28 K. B.] 1014;

1 Term Rep. [D. & E.] 133; *Ward* v. *N. Y. C. R. R. Co.*, 47 N. Y. 29.)   As said in Keener on Quasi-Contracts (p. 304): " Unless the failure of consideration is total or is apportioned by the contract, plaintiff's claim is not for restitution, but to recover damages." In the case at bar plaintiff does not claim the whole consideration paid, and the contract does not attempt any apportionment thereof. Moreover, there are no facts in the submission from which plaintiff's damage may be ascertained, nor are there any facts to support the claim of the plaintiff that its damage is equal to the difference between the freight rate and the express rate.

It follows that the defendant is entitled to judgment, but without costs.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Judgment ordered for defendant, without costs.   Settle order on notice.